

**ORDERED in the Southern District of Florida on January 17, 2017.**

_A. Jay Cristol_
**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:  Case No.**16-26663-BKC-AJC**  JUAN
**C. MORALES**
**MIRTHA MORALES**  Chapter **11**
_____Debtor_____/

### ORDER GRANTING DEBTOR'S PETITION TO
### WAIVE APPOINTMENT OF PATIENT CARE OMBUDSMAN(ECF 20)

This matter came to be considered at 10:30 a.m., on the 11th day of January 2017 by the Court upon its Order to Show Cause why the United States Trustee Should Not Appoint Patient Case Ombudsman (ECF 7), and the Debtors' Motion to Determine That the Appointment of a Patient Care Ombudsman Is Not Necessary Under the Specific Circumstances of the Case for the Protection of Patients. Based upon the information contained in the Motion, having heard argument of counsel, input from the Office of the United States Trustee regarding information provided it by the debtors that the appointment is not necessary, and taking judicial notice of the entire contents of the Court file, and for the reasons stated on the record, it is:

1. ORDERED that the Debtors' Motion to Determine That the Appointment of a Patient

Care Ombudsman Is Not Necessary Under the Specific Circumstances of the Case for the Protection of Patients (ECF 20) is granted and that pursuant to 11 U.S.C. § 333 that the appointment of a Patient Care Ombudsman to monitor the quality of patient care and to represent the interests of the patients of the Debtor is not necessary for the protection of the resident's of the debtor's ALF, and it is further.

      2. ORDERED, that the Debtor must notify the United States Trustee in the event of any change that would indicate, or give rise to, the need for a Patient Care Ombudsman, including, without limitation, any change in operations, any change in the status of the professional license of the Debtor's employees or independent contractors, including any disciplinary action or administrative proceeding against such license; any change in the status of the professional malpractice insurance of the Debtor's employees or independent contractors; any change in the status of any relevant permits issued by any state or regulatory agency to the Debtor; and any change in the manner patient records are maintained and safeguarded. The Debtor must also notify the United States Trustee of any suits for medical malpractice or for patient care matters that are filed against the Debtor or its employees and independent contractors; and it is further

      3. ORDERED, that this Order is without prejudice to the right of any interested party to move this Court to direct the appointment of a Patient Care Ombudsman at such time when any circumstance arises which could involve the interests of the patients of the Debtor and there may be a basis for the appointment.

      4. ORDERED, that the Order to Show Cause (ECF 7) is is discharged.

                #                     #                   #

Submitted by: Richard Siegmeister, Esquire attorney for the debtors who is directed to serve a copy of this Order on all parties of record

Z:\MyFiles\Data - Old\BANKRDTR\Morales, Juian & Mirtha\170113 Order re Ombudsman.wpd