UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

IN RE:                                                CASE NO. 16-26663-BKC-AJC

JUAN C. MORALES and                                   CHAPTER 11
MIRTHA MORALES,
*d/b/a* J.C. & C. ALF, LLC,

      Debtor(s).
_____/

MERFE CONSTRUCTION CORP.,

        Plaintiff,
v.                                                    Adversary Proceeding
                                                      Case No. 17-1120-AJC-A
JUAN C. MORALES and
MIRTHA MORALES,
*d/b/a* J.C. & C. ALF, LLC,

      Defendants,

_____/

### PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT

Pursuant to Fed.R.Civ.P. 56, made applicable by Bankruptcy Rule 7056, Plaintiff, MERFE

CONSTRUCTION CORP. ("Plaintiff"), moves for final summary judgment pursuant to Section 727

of Title 11 of the United States Code as to Counts 1-4 of its Complaint, and for a final judgment

denying discharge of the debts owed by the Debtor-Defendants, JUAN C. MORALES and MIRTHA

MORALES, *d/b/a* J.C. & C. ALF, LLC (jointly referred to as the Debtors or Defendants, and

individually as "Mr. Morales" and "Ms. Morales").

## **Introduction**

In Plaintiff's Complaint Objecting to Debtors' Discharge and to Determine Dischargeability of Debt, it contends the Debtors should be denied a discharge of their debts predicated upon violations of 18 U.S.C. §727(a)(2)(A), (4), (5) and (7). Plaintiff moves for final summary judgment.

In Count 1, Plaintiff seeks to deny the Debtors' discharge pursuant to 11 U.S.C. Section 727(a)(2)(A). The evidence is undisputed that JC & C INVESTMENTS, LLC (hereinafter "JC & C INVESTMENTS"), is a single member LLC [Statement of Facts ("SOF") at ¶23; ¶56, at Request for Admission ("R.A.") No. 21-22], and that JC & C INVESTMENTS is the owner of real property located at 158 West 10 Street, Hialeah, Florida (the "158 property")[SOF at ¶26]. The undisputed evidence is that Ms. Morales previously transferred her membership interests to Mr. Morales, her husband, and then deleted herself as a member of JC & C INVESTMENTS. [SOF at ¶23]. On November 10, 2016, the circuit court in proceeding supplementary, in *Merfe Construction Corp. v. Mirtha Morales, et al*, Case No. 08-040150 CA 04, set aside the transfer of Ms. Morales' membership interests, as well as her deletion as a member, based upon Fla. Stat., §56.29(3)(a). [SOF at ¶¶22-25]. The presiding judge deemed the addition of Mr. Morales as a member, and the deletion of Ms. Morales as members of JC & C INVESTMENTS was made or contrived by Ms. Morales to delay, hinder, or defraud Plaintiff. *Id.*

As a result, the evidence is undisputed that the Debtors have acted with the requisite "intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under [the Bankruptcy Code], transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed – (A) property of the debtor, within one year before the date of filing of the petition." 28 U.S.C. § 727(a)(2)(A).

-2-

In Count 2, Plaintiff seeks to deny the Debtor's discharge based on 11 U.S.C. Section 727(a)(4)(A). It is undisputed the Debtors "knowingly and fraudulently, in or in connection with the case … made a false oath or account." 28 U.S.C. § 727(a)(4). Plaintiff's SOF documents numerous false representations, and material omissions, set forth within Debtors' petitions and schedules, all made under oath, or its functional equivalent, under threat of perjury. [SOF ¶¶29-55].

In Count 3, Plaintiff seeks to deny the Debtor's discharge based on 11 U.S.C. Section 727(a)(4)(A), for unexplained loss of assets.  The evidence is undisputed that the Debtors represented that the  mortgage interest Ms. Morales has in certain real property owned by Centra Evangelistico La Roca Church, Inc. ("the Church"), which she obtained by way of a partial assignment of mortgage ($300,000/31.79%) in 2007 [SOF at footnote 1], is "*0.00.*" [SOF at ¶¶47-48]. However, during the aforementioned proceedings supplementary, a "Satisfaction of Mortgage" Ms. Morales signed and claimed to have "erroneously" recorded [SOF at ¶19], was set aside by the presiding judge, *nunc pro tunc,* to the date the it was recorded, thereby restoring the entire princiapl amount of $300,000. [SOF at ¶20].  It is also undisputed that the presiding judge awarded Plaintiff an equitable lien up to Ms. Morales' 31.579% interest ($300,000) in the Church mortgage of $950,000.  [SOF at ¶¶20-21]. Also undisputed is that Ms. Morales' brother and lawyer, Guillermo Perez, Esq., has filed a foreclosure complaint in the circuit court on behalf of Group Investors, LLC, and Group Lenders, LLC, against the Church for defaulting on the that mortgage, *Group Investors, LLC, et al v. Centra Evangelist La Roca Church, Inc*., Case No. 15-9136 CA 01 (the "Church foreclosure case")[SOF at footnote 3]. On August 13, 2015, in the Church foreclosure case, Ms. Morales filed an answer, in which she claimed the right to be paid the  principal interest of $300,000, along with all accrued interest on the note, *id.,*  which is the same mortgage and note the Debtors represent is now "*0.00.*" [SOF at ¶¶47-48].

In Count 4, Plaintiff seeks to deny the Debtor's discharge based on 11 U.S.C. Section 727(a)(7), in that the Debtors committed one or more acts specified in §727(a) (2), (4) or (5), on or within one year before the date they filed their bankruptcy petition, or did so during the case, in connection with another case, concerning an insider, and/or transferred, concealed or removed assets more than one year before the bankruptcy filing but continued to conceal same into the one year period or continued using that property. It is undisputed that the Debtors are married, and as such, Mr. Morales is considered an insider. [SOF at ¶¶23-24]. The transfer to Mr. Morales, and concealment of Ms. Morales' membership interests in JC & C INVESTMENTS continued through November of 2016, when the presiding judge set aside the transfer/deletion of Ms. Morales' membership interest. *Id*. In the main proceeding, the Debtors represent that J.C. & C. ALF, LLC (J.C. & C. ALF), a single member LLC controlled by Mr. Morales, is the owner of the 158 property; however, the record evidence reveals that JC & C INVESTMENTS is actually the record owner, and J.C. & C, ALF is nothing more than its tenant. [SOF ¶26, ¶30 and 55; footnote 3].

## MEMORANDUM OF LAW

Summary judgment is governed by Fed. R. Civ. P. 56, which is incorporated into bankruptcy practice by Fed. R. Bankr. P. 7056. Summary judgment is properly granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986); R. Bankr. Proc. 7056. The nonmoving party must then show a genuine issue of material fact exists arises as to the issue. *Celotex Corporation v. Catrett*, 477 U.S. 317 (1986). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*,

477 U.S. at 248. In bankruptcy cases, summary judgment in favor of the moving party is warranted where that party has shown the absence of a genuine material fact issue, demonstrated with a separate statement of material facts supported by exhibits as required by Local Bankr. Rule 7056-1. *O'Connell v. DeMartino (In re DeMartino)*, 448 B.R. 122, 127 (Bankr. E.D.N.Y. 2011). In addition, a request for admissions are conclusively established when the party served with the request has failed to respond within 30 days. In cases where admissions are deemed conclusive, this will form a basis for summary judgment. *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 549 (5th Cir. 1985).

"The purpose of the bankruptcy code is to give the *honest* debtor a new start." *Gullickson v. Brown (In re Brown)*, 108 F.3d 1290, 1294 (10th Cir. 1997) (emphasis supplied). A bankrutcy discharge being equitable in nature, *Palmer v. Downey (In re Downey)*, 242 B.R. 5, 12-13 (Bankr. D. Idaho 1999), means that a discharge is reserved for only honest debtors. *Reynolds v. Trafford, (In re Trafford)*, 377 B.R. 387, 392 (M.D. Fla. 2007); *In re Cutaia*, 410 B.R. 733, 737 (\S.D. Fla. 2008). The facts are undisputed that the Debtors have not been honest and complied with the bankruptcy code. The Court should granted Plaintiff summary judgment and deny the Debtors a discharge.

Section 727(a) bars the discharge of a debtor who has committed acts designed to hinder or defraud creditors, and provides in relevant part:

> The court shall grant the debtor a discharge, unless. . .
>
> (2) the debtor, with the intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –
>
> (A) property of the debtor, within one year before the date of filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

(4) the debtor knowingly and fraudulently, or in connection with this case -

(A) made a false oath or account...

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

(7) the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider.

The party asserting the denial of a discharge predicated upon §727(a) must prove the elements of his cause of action by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). A finding against the debtor under any one subsection of § 727(a) is a sufficient ground for denial of the discharge. *Protos v. Silver (In re Protos)*, 322 Fed. Appx. 930, 932-33 (11th Cir. 2009).

Based on the undisputed facts in this adversary proceeding, there is no genuine issue of material fact and as a matter of law, Debtors' discharge should be denied pursuant to 11 U.S.C. § 727(a)(2)(A), (a)(4), (a)(5) and (a)(7). Debtors should be denied a chapter 7 discharge, and Plaintiff is entitled to judgment as a matter of law.

The judgment entered against the Ms. Morales, in Case No. 08-40150 is the only money judgment entered against the Debtors. [SOF at ¶5]. It is undisputed that Plaintiff's Judgment Lien Certificates filed against her pursuant to Fla. Stat., §55.203, are valid and in effect. [SOF at ¶¶6-7].

Although the Debtors represent Plaintiff to be an unsecured creditor, in Florida, a judgment creditor becomes a *secured creditor* with respect to a debtor's personal property—other than fixtures,

money, negotiable instruments, and mortgages—the moment he filed the Judgment Lien Certificate. Fla. Stat. § 55.202(2). *In re Broward Kitchens & Baths, Inc.*, 429 B.R. 350, 352 (Bankr. S.D. Fla. 2010). Fla. Stat., §55.202, *Judgments, orders, and decrees; lien on personal property,* provides in relevant part, as follows:

> (1) A judgment lien securing the unpaid amount of any money judgment may be acquired by the holder of a judgment:
>
> (a) Enforceable in this state under its laws or the laws of the United States;
>
> (b) Entered by an issuing tribunal with respect to a support order being enforced in this state pursuant to chapter 88; or
>
> (c) Enforceable by operation of law pursuant to s. 61.14(6).
>
> **(2) A judgment lien may be acquired on a judgment debtor's interest in all personal property in this state subject to execution under s. 56.061**, other than fixtures, money, negotiable instruments, and mortgages.
>
> (a) A judgment lien is acquired by filing a judgment lien certificate in accordance with s. 55.203 with the Department of State after the judgment has become final...

Pursuant to Fla. Stat., §605.0501, Ms. Morales' transferrable interest in JC & C INVESTMENTS, LLC, is personal property. ee also Fla. Stat., 56.061 ("[S]tock in corporations…shall be subject to levy and sale under execution."); *Olmstead v. F.T.C.*, 44 So. 3d 76, 80 (Fla. 2010)("An LLC is a type of corporate entity, and an ownership interest in an LLC is personal property that is reasonably understood to fall within the scope of 'corporate stock.').

Fla. Stat., §605.0503(3)-(5) provides as follows:

> (3) Except as provided in subsections (4) and (5), a charging order is the sole and exclusive remedy by which a judgment creditor of a member or member's transferee may satisfy a judgment from the judgment debtor's interest in a limited liability company or rights to

-7-

distributions from the limited liability company.

**(4) In the case of a limited liability company that has only one member, if a judgment creditor of a member or member's transferee establishes to the satisfaction of a court of competent jurisdiction that distributions under a charging order will not satisfy the judgment within a reasonable time, a charging order is not the sole and exclusive remedy by which the judgment creditor may satisfy the judgment against a judgment debtor who is the sole member of a limited liability company or the transferee of the sole member, and upon such showing, the court may order the sale of that interest in the limited liability company pursuant to a foreclosure sale. A judgment creditor may make a showing to the court that distributions under a charging order will not satisfy the judgment within a reasonable time at any time after the entry of the judgment and may do so at the same time that the judgment creditor applies for the entry of a charging order.**

**(5) If a limited liability company has only one member and the court orders a foreclosure sale of a judgment debtor's interest in the limited liability company or of a charging order lien against the sole member of the limited liability company pursuant to subsection (4)**:

(a) The purchaser at the court-ordered foreclosure sale obtains the member's entire limited liability company interest, not merely the rights of a transferee;

(b) The purchaser at the sale becomes the member of the limited liability company; and

(c) The person whose limited liability company interest is sold pursuant to the foreclosure sale or is the subject of the foreclosed charging order ceases to be a member of the limited liability company.

(emphasis added).

•***Section 727(a)(2)(A)*** bars discharge where "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate . . . has transferred, removed, destroyed, mutilated, or concealed . . . property of the debtor, within one year before the date of filing of the petition." 11

-8-

U.S.C. § 727(a)(2)(A). Commencing a bankruptcy case creates an estate. 11 U.S.C. § 541(a). That estate consists of, among other things, all legal or equitable interests of the debtor in property. 11 U.S.C. §541(a)(1). To that end, it is the debtor's duty to prepare and file a schedule of assets and liabilities; a schedule of current income and expenditures; and a statement of financial affairs. 11 U.S.C. §521(a)(1)(B); B.R. 1007(b).

The term "concealment" in the context of §727(a)(2) "includes preventing discovery, fraudulently transferring or withholding knowledge or information required by law to be made known." *Peterson v. Scott (In the Matter of Scott)*, 172 F.3d 959, 967 (7th Cir.1999), quoting *United States v. Turner*, 725 F.2d 1154, 1157 (8th Cir.1984). See also *Panda Herbal Int'l, Inc. v. Luby (In re Luby)*, 438 B.R. 817 (Bankr. E.D. Pa. 2010).

A Court does not need to find that a debtor had the intent to delay and hinder and defraud. See *Humphries v. Schnurr (In re Schnurr)*, 107 B.R. 124, 130 (Bankr.W.D.Tex.1989) ("All the plaintiff has to prove is that the debtor hindered his creditors, he delayed his creditors, or he defrauded his creditors."); see also *NCNB Texas National Bank v. Bowyer (In re Bowyer)*, 916 F.2d 1056, 1059 (5th Cir. 1990) ("The term `defraud' does not subsume `hinder or delay.'"), *op. on reh.*, 932 F.2d 1100 (5th Cir.1991).

Thus, to establish a claim for denial of discharge under § 727(a)(2)(A), the Plaintiff must prove that (1) a transfer or concealment occurred; (2) the property transferred or concealed was the property of the debtor; (3) the transfer or concealment was within one year of the petition, and (4) at the time of the transfer or concealment, the debtor acted with the intent to hinder, delay, or defraud the creditor. *Dionne v. Keating (In re XYZ Options, Inc.*, 154 F.3d 1262 (11th Cir. 1998). Harm to a creditor is not a required element of §727(a)(2). *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000).

In that direct evidence of fraudulent intent is usually difficult to to uncover, courts rely upon "badges of fraud" as circumstantial evidence of fraudulent intent. In *XYZ Options*, the Eleventh Circuit held that "in determining whether the circumstantial evidence is sufficient to establish fraudulent intent, the court should investigate the transfer for the existence of badges of fraud." *Id.* at 1271. A showing of actual, not constructive intent, satisfies the fourth element. *Id.* Courts apply to determine intent include:

> (1)    the lack or inadequacy of consideration;
>
> (2)    the family, friendship or close associate relationship between the parties;
>
> (3)    the retention of possession, benefit or use of the property in question;
>
> (4)    the financial condition of the party sought to be charged both before and after the transaction in question;
>
> (5)    the existence or cumulative effect of the pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and
>
> (6)    the general chronology of the events and transactions under inquiry.

*Clark v. Allen*, 210 B.R. 861, 867 (M.D. Fla. 1997). In *Lisa Ng v. Steward Adler (In re Adler)*, 494 B.R. 43, 56 (Bankr. E.D.N.Y. 2013) (Grossman, J.), the court identified the six badges of fraud identified in *Clark*, along with some others:

> (7) the transfer of property of a debtor to his spouse while insolvent, while retaining the use and enjoyment of the property ...;
>
> (8) the shifting of assets by the debtor to a corporation wholly controlled by him...;
>
> (9) any attempt by the debtor to keep the transfer a secret,... and

(10)  a so-called "diversion of asset theory" that is applicable where a debtor attempts to frustrate creditors by diverting the fruits of his industry to others, who then provide him with the use and enjoyment of those fruits.

*Id*. at 65 (citations and internal quotations omitted).See generally 6 COLLIER ON BANKRUPTCY, 727.02[3][b] at p. 727-28 (listing "badges of fraud").

The Eleventh Circuit has noted that "although the presence of one specific badge will not be sufficient to establish fraudulent intent, the 'confluence of several can constitute evidence of an actual intent to defraud." *XYZ Options*, Inc., 154 F.3d at 1271, n. 3, citing *Brown v. Third National Bank (in re Sherman)*, 67 F.3d 1348, 1354 (8th Cir. 1995), and *Kleinfeld v. Sun Land Properties, Inc. (In re Kranich)*, 53 B.R. 821, 823 (M.D. Fla. 1985).  See also *In re Am. Way Serv. Corp.*, 229 B.R. 496, 529 (Bnkr. S.D. Fla. 1985).

In addition to the above mentioned badges of fraud, other factors indicative of an actual intent to hinder or delay a creditor are: whether the transactions was conducted at arm's length; whether the debtor is aware of the existence of a significant judgment or overdue debt; whether the creditor is in hot pursuit of its judgment or claim and whether the debtor knows this; and the timing of the transfer relative to the filing of the petition. 3 L. Distressed Real Estate §287:71.

While §727(a)(2)(4) states a transfer is to have occurred within one year of the filing of bankruptcy, courts look beyond the one year under the "continued concealment doctrine." The doctrine of continuing concealment acts to extend the reach of §727(a)(2)(A) to transfers that occurred more than a year before bankruptcy. *Thibodeaux v. Olivier (In re Olivier)*, 819 F.2d 550, 554-555 (5th Cir.1987), disallowing a debtor's discharge whew he transferred assets more than one year before the bankruptcy filing but continued to conceal the transfer into the one year period. *Hall v. Hall (In re Hall)*, 126 B.R. 117, 126 (M.D. Fla. 1991).  "As long as the debtor allow[s] the

property to remain concealed into the critical year,' the continuing concealment doctrine will apply." *In re Zwim*, 04-40306-BKC-AJC, 2005 WL 1978510 (Bankr. S.D. Fla. August 15, 2005).   "The doctrine recognizes that tne failure to reveal property previously concealed can be considered culpable conduct during the one year before bankruptcy warranting a denial of a discharge." *Id.* Even whether a debtor transfers legal title to a property, his continued use of that property is sufficient to establish continued concealment. *Id*. In the case at bar, the evidence is undisputed the transfer of Ms. Morales' membership interests in JC & C INVESTMENTS to her husband continued until the presiding judge in the proceedings supplementary  entered its order voiding same, only a month before Debtors filed their petition.

Moreover, for purposes of continuing concealment, it is not the secrecy of a transfer or of a retained interest that matters. *In re Sullivan*, 204 B.R. 919, 939 (Bankr. N.D. Tex., 1997); *Cullen Ctr. Bank & Trust v. Lightfoot (In re Lightfoot)*, 152 B.R. 141, 146 Bankr.S.D.Tex.1993). Rather, "[t]he transfer of title with attendant circumstances indicating that the [debtor] continues to use the property as his own is sufficient to constitute concealment." *In re Sullivan*, 204 B.R. at 939. As explained by Judge Abramson in *Sullivan*,

> in cases where the plaintiff can prove that the debtor retained control or an equitable interest in the property, the courts have appropriately denied discharge under the theory of continuing concealment. A concealment is accomplished by a transfer of title coupled with the retention of the benefits of ownership. A concealment need not be literally concealed .... Control of property held in the name of another is also an element evidencing a continued interest, especially when assets are transferred to family members or close associates.

*Id*. (internal citations and quotations omitted). Thus, the court may deny discharge under section 727(a)(2) when the debtor fraudulently retains control or an equitable interest in property: "[i]n a situation involving the transfer of title coupled with retention of the benefits of ownership, there

may, indeed, be concealment of property." *Rosen*, 996 F.2d at 1532. In our case, it is undisputed Ms.

Morales concealed her single membership interest in JC & C INVESTMENTS by transferring her

membership interest to her husband, Mr. Morales, and then deleting her own, all of which was later

voided by the presiding judge in the proceedings supplementary. The circuit court voided the transfer

and deletion, and restored Ms. Morales to her original status as the only member of JC & C

INVESTMENTS only one month before the Debtors filed their voluntary petition. [SOF at ¶¶23-24].

Under the circumstances, courts will deny a debtor a discharge under the doctrine of continuing

concealment. *In re Gonzalez*, 302 B.R. 745 (Bankr. S.D. Fla. 2003). See also *Cadle Co. v. Ogalin*

*(In re Ogalin)*, 303 B.R. 552, 560-62 (Bankr. D. Conn. 2004) (debtor's diversion of wages to spouse

sufficient grounds to deny discharge); *Adler*, 494 B.R. at 64 (noting that depositing funds into an

account that bore the spouse's name alone could only obscure the ownership of the funds).

In addition, Mr. Morales testified he was not a member nor did he have an interest in any

LLC. [SOF at ¶22]. In that Mr. Morales had no idea he was even a member of JC & C

INVESTMENTS, this means Ms. Morales transferred her membership interest to her husband

without consideration during a period in which Ms. Morales was in financial distress. A gratuitous

transfer of a valuable and marketable asset under such circumstances is especially questionable, *EFA*

*Acceptance Corp. v. Cadarette (In re Cadarette)*, 601 F.2d 648, 651 (2d Cir. 1979), and will give

rise to a presumption of actual fraudulent intent. This is sufficient to bar a discharge when the

property is transferred to a relative. *In re Sullivan*, 204 B.R. at 940. *National Bank of Pittsburgh*

*v. Butler (In re Butler)*, 38 B.R. 884, 888 (Bankr. D.Kan.1984).

Finally, the evidence of the Debtor's actual intent to defraud has been established by the

record evidence. The test for this element "focuses on a debtor's wrongful conduct towards a

creditor, regardless of actual effect on one, some, or all." *Adler*, 494 B.R. at 65. For years, JC &

-13-

C INVESTMENTS was a single member LLC. Ms. Morales was its sole member and 100% owner. The only reasonable conclusion is that she had actual intent to conceal her membership interest in JC & C Investments, LLC to prevent Plaintiff, her sole judgment creditor, from foreclosing on her membership interest pursuant to Fla. Stat., §605.0503. Such "diver[sion] of the fruits of [her] industry to [her] family members," constitutes "one or more of several badges of fraud highly indicative of fraudulent concealment." *Adler*, 494 B.R. at 65. Thus, given the totality of the circumstances and the various badges of fraud outlined above, the conduct which occurred herein amounts to sufficient circumstantial proof of actual intent to defraud. *Id*.

In that the totality of the circumstances demonstrates that Debtors' intent was to "hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property," summary judgment should be entered on Plaintiff's claim brought pursuant to §727(a)(2).   *In re Marrama*, 430 F. 3d 474 (1st Cir. 2005), *aff'd* 127 S. Ct. 1105 (2007). See also *Meeks v. Trammell (In re Trammell)*, 197 B.R. 309 (Bankr. W.D. Ark. 1996) (granting summary judgment under § 727(a)(2) on the basis of debtor's prepetition transfer of two vehicles and concealment of wages); *Nassar v. Kablaoui (In re Kablaoui)*, 196 B.R. 705, 708 (Bankr. S.D.N.Y. 1996) (determining summary judgment was appropriate under § 727(a)(2) where the debtor failed to offer sufficient rebuttal evidence). Accordingly, denial of discharges is required by this Section of the Code as well.

•***Section 727(a)(4)(A)*** denies a debtor discharge where he "knowingly and fraudulently, in or in connection with the case, made a false oath or account." 11 U.S.C. § 727(a)(4)(A).  "Th[e Eleventh] circuit has... said that a discharge pursuant to 11 U.S.C. §727(a)(4)(A) should not be granted where the debtor knowingly and fraudulently made a false oath or account in connection with the bankruptcy proceeding." *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616 (11th Cir. 1984)(citing *In re Raiford*, 695 F.2d 521, 522 (11th Cir.1983)).

-14-

There are two elements which a plaintiff must prove to deny a debtor a discharge pursuant to §727(a)(4)(A): (1) the debtor's oath or account must have been knowingly and fraudulently made, and (2) it must be related to a material fact. *In re Ingersoll*, 124 B.R. 116, 122 (Bankr. M.D. Fla. 1991); *Camacho v. Martin (In re Martin)*, 88 B.R. 319, 323 (D. Colo. 1988)(same) (citing *In re Chalik*, 748 F.2d 616, 618 (11th Cir.1984)). See also *In re Hamo*, 233 B.R. 718, 725 (6th Cir. BAP (Ohio) 1999)("[a] party objecting to a debtor's discharge pursuant to § 727(a)(4)(A) must establish that, (1) the debtor made a statement while under oath, (2) the statement was false, (3) the statement related materially to the bankruptcy case, (4) the debtor knew the statement was false, and (5) the debtor made the statement with fraudulent intent.").

The veracity of the Debtors' petition, including their schedules and statement of financial affairs ("SOFA"), is essential to the successful administration of that debtor's case. *Crews v. Stevens (In re Stevens)*, 250 B.R. 750, 754 (Bankr. M.D. Fla. 2000); *In re Green*, 268 B.R. 628, 648 (Bankr. M.D. Fla. 2001). A debtor "has a paramount duty to carefully consider all questions posed on his schedules and statement of affairs and see that each question is answered completely in all respects." *In re Dryer*, 127 B.R. 587, 593-584 (Bankr. N.D. Tex. 1991). "Therefore, submissions 'must be accurate and reliable, without the necessity of digging out and conducting independent examination to get the facts." *Id*. A debtor coming before the bankruptcy court must come clean and make full disclosure of all information relevant to the administration of his case. *Hedikamp v. Grew (In re Grew)*, 310 B.R. 445, 450-451 (Bankr. M.D. Fla. 2005).

Under §727(a)(4), a debtor must disclose the existence of all his assets, even if he considers them worthless or unavailable. The decision as to what assets are beneficial to the creditor is for the creditor to make, not the debtor. *In re Ingersoll*, 124 B.R. at 122 "The recalcitrant debtor may not escape a section 727(a)(4)(A) denial of discharge by asserting that the admittedly omitted or falsely

asserted information concerned a worthless relationship or holding; such a defense is specious."
*Chalik*, 784F.2d 616 at 618.  False oaths regarding even worthless assets may bar the entry of a
discharge. *Id*.  Thus, a false oath may be material even though it does not result in any detriment or
prejudice to the creditor. *Clarke*,  332 B.R. at 872.  The party objecting to the discharge must prove
by the preponderance of the evidence that the false oath was fraudulent and material. *In re Phillips*,
476 Fed. Appx. 813 (11th Cir. 2013).

A false oath sufficient to deny a discharge under that section may consist of a false statement
made in the course of any proceeding in the bankruptcy process, including a meeting of creditors.
*In re Braidis*, 27 B.R. 470 (Bankr.E.D.Pa.1983). A false oath made by a debtor in  a state court
action is deemed to be sufficiently related to the bankruptcy proceeding. *French v. Peninsula Bank*,
338 B.R. 668 (Bankr. D. Md. 2006)(citing *In re Kaufhold*, 256 F.2d 181, 185 (3rd Cir.1958)).  So
too, is an unsworn declaration made under penalty of perjury pursuant to 28 U.S.C. §1746.  For
purposes of §727(a)(4), it  is the equivalent of a sworn verification. *Beaubouef v. Beaubouef (In re
Beaubouef)*, 966 F.2d 174, 178 n. 2 (5th Cir. 1992).  The bankruptcy petition, schedules and
statements submitted by the Debtors were made under penalty of perjury.  According to federal law,
these are the same as a verification under oath that the information contained in those documents are
true and correct. 11 U.S.C.§727(a)(4)(A); 4 Bankr. Serv. L.Ed.  §39:375.

Materially false statements made or omitted as part of the bankruptcy petition or schedules,
at examination or during bankruptcy proceedings, may constitute false oaths for denial-of-discharge
purposes as well. The subject matter of an omission or false statement is material if "it bears a
relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets,
business dealings, or the existence and disposition of his property." *Chalik*, 748 F.2d 616, 618 (11th
Cir. 1984). See also *In re Hamo*, 233 B.R. at 725 ("a fact is material if it 'concerns discovery of

-16-

assets, business dealings or [the] existence or disposition of property.'"). The Debtors'"[k]nowledge may be shown by demonstrating that the debtor knew the truth, but nonetheless failed to give the information or gave contradictory information." *Id.* See also *Hamo*, 233 B.R. at 725.

Under §727(a)(4)(A), the question becomes whether the Debtors fraudulently intended to avoid inquiry by failing to list potential interests in property. It is undisputed that by virtue of its judgment lien, Plaintiff is a secured creditor, not an unsecured creditor. It is also undisputed that the presiding judge in the state court proceedings supplementary set aside the satisfaction of mortgage, reinstated the $300,000 partial assignment of mortgage to Ms. Morales, and granted Plaintiff an equitable lien on her mortgage interest on the Church property. That mortgage interest is $300,000 (principal only), not ***"0.00."***

As discussed above, the circuit court also restored Ms. Morales as sole member of JC & C INVESTMENTS, LLC, deeming the prior addition of her husband, Mr. Morales, and Ms. Morales' deletion as a member, to have been done to delay, hinder, or defraud Plaintiff as a creditor in violation of Fla. Stat., §56.29(3)(a), and voided same. The Debtors make no mention that JC & C INVESTMENTS even exists, and claim that J.C. & C, ALF is the owner of the 158 property. [SOF at ¶55]. Yet, JC & C INVESTMENTS is the actual record owner of the 158 property, not J.C. & C. ALF. The Debtors also represented that Federated has a money judgment, when it actually only has a foreclosure judgment, and never obtained a deficiency judgment. [SOF ¶¶38-39, 41, 51]. The Debtors represent that Margab has a $250,000 claim against Ms. Morales, when it is undisputed that Margab's cross claim in the proceedings supplementary was predicated upon the Satisfaction of Judgment, set aside in November of 2015, and Margab no longer made that claim after the complaint on the proceedings supplementary was amended. [SOF at ¶¶32-37, 41 and 51].

Providing such false information, as well as deliberate omissions on the Schedules and Statement of Financial Affairs, constitute a false oaths under §727(a)(4)(A). *In re Phillips*, 476 Fed. Appx. 813 (11th Cir. 2013); *Thibodeaux v. Olivier (In re Olivier)*, 819 F.2d 550 (5th Cir. 1987); *Continental Bank v. Bobroff (In re Bobroff)*, 58 B.R. 950 (Bankr. E.D. Pa. 1986), aff'd, 69 B.R. 295 (E.D. Pa. 1987); *Comprehensive Accounting Corp. v. Morgan (In re Cycle Accounting Servs.)*, 43 B.R. 264 (Bankr. E.D. Tenn. 1984). *Tranche 1, Inc. V. Tan (In re Tan)*, 350 B.R.488, 493, n. 5 (Bankr. N.D. Cal. 2006)(explaining that incomplete or inaccurate schedules and SOFA, as well as a failure to answer a question under the SOFA, are also a false oath under §727(a)(4)(A)).

"While the plaintiff has the ultimate burden of persuasion, the burden of going forward with the evidence shifts to the debtor once the plaintiffs have shown that the acts complained of occurred." *In re Phillips*, 476 Fed. Appx. 813; *In re Caldwell*, 101 B.R. 728, 735 (Bankr. D. Utah, 1989)(quoting *Poolquip-McNeme, Inc. v. Hubbard (In re Hubbard)*, 96 B.R. 739, 747 (Bankr. W.D. Tex. 1989))(same). "Where it reasonably appears that the oath is false, the burden falls upon the debtor to come forward with evidence to prove that it was not an intentional misrepresentation. If the debtor fails to provide such evidence or a credible explanation for his failure to do so, a court may infer fraudulent intent." See also *In re Farris*, Case No.: 05-13253-BGC-7, n. 35(Bankr. N.D. Ala., 2008)(citing *Carlucci & Legum (In re Murray)*, 249 B.R. 223, 228 (E.D.N.Y. 2000)). "Absent a `credible explanation,' the court may infer fraudulent intent from an unexplained false statement." *In re Cline,* 48 B.R. 581, 584 (Bankr. E.D. Tenn. 1985).

In this case, the Debtors cannot contest that they have not disclosed transfers and assets, as well as the value of these assets. Thus, the question becomes whether the Debtors acted with the intent to defraud their creditors. For purposes of § 727(a)(4)(A), the debtor's fraudulent intent may be inferred from the facts and circumstances of the case, including inferences from conduct, all

surrounding circumstances and apparent course of conduct. *In re Dupree*, 336 B.R. 490 (Bankr. M.D. Fla. 2005); *Roberts v. Erhard (In reRoberts)*, 331 B.R. 876, 882 (Bankr. 9th Cir. BAP 2005); This includes showing that a debtor has engaged in a pattern of concealment or acted with reckless disregard for the truth. *In re Eigsti*, 323 B.R. 778, 784 (Bankr. M.D. Fla. 2005). *In re Butler*, 377 B.R. at 922 (reckless indifference to the truth, meaning "not caring whether some representation is true or false," has long been treated as the functional equivalent of fraud under § 727(a) (4) (A). In the case at bar, there has been a pattern of omissions. This warrants the conclusion that the omissions in the SOFA and Schedules were made with the requisite intent to defraud. See e.g., *In re Grew*, 310 B.R. 445, 451 (Bankr. M.D. Fla. 2004). It is logical to conclude the debtor did make a false oath in connection with the case. *In re Hoflund*, 163 B.R. 879, 83 (Bankr. N.D.Fla.1993); *In re Shahid*, 334 B.R. 698, 710 (Bankr. N.D. Fla. 2005).

Last, the Debtors' misrepresentations and active concealment of the truth is deemed to be material. See *In re Garcia*, 88 B.R. 695,705 (Bankr. E.D. Pa., 1988) *In re Steiker*, 380 F.2d 765, 768 (3rd Cir. 1967); *In re Kaufhold*, 256 F.2d 181, 185 (3rd Cir.1958).

•***Section 727(a)(5)*** is implicated by the unexplained loss of Ms. Morales' mortgage interest in the Church mortgage, going from ***$300,000*** to "***0.00***," and how JC & C INVESTMENTS is no longer the record owner of the  158 property, rather than J.C. & C., ALF.

To deny a Debtor a discharge for loss of assets pursuant to §727(a)(5), a plaintiff must prove: (1) at a time not too remote from the commencement of the case, the debtor owned a substantial, identifiable asset; (2) that on the date of filing the bankruptcy petition, the debtor no longer owned the particular asset; and (3) that the debtor was unable to satisfactorily explain the non-existence of the asset when called upon to do so. *In re Walden*, 380 B.R. 883, 894 (Bankr. M.D. Fla. 2008). Plaintiff has satisfied each of these elements. As a result, the burden shifts to the Debtors to explain

satisfactorily the loss. *In re Hawley*, 51 F.3d 246, 249 (11th Cir. 1995)). A satisfactory explanation is one that convinces the judge. *Chalik*, 784 B.R at 619. As noted above, there is no legitimate explanation as to the loss of Ms. Morales' mortgage interest or JC & C INVESTMENT's ownership of the 158 Hialeah property.

•*Section 727(a)(7)* is also satisfied. A claim pursuant to 727(a)(7) is satisfied when: (1) the elements of sections 727(a)(2), (3), (4), (5), or (6) are met; (2) the actions occurred during the current case or within one year before the filing of the petition; and (3) the actions are in connection with the bankruptcy case of an insider. All three elements are met. As to the third element, an insider is defined as "relative of the debtor[.]" 11 U.S.C. § 101(31)(A)(I). A 'relative' is defined as an "individual related by affinity[.]"§101(45). This being so, Mr. and Ms. Morales, as husband and wife, are considered insiders. 11 U.S.C.§101(31). See e.g., *Am. Eagle Bank v. Friedman (In re Friedman)*, 543 B.R. 833. 847 (Bankr. N.D. Ill. 2015)(granting summary judgment pursuant to §727(a)(7) where the debtor failed to account loss of an asset meeting the requirements of §§ 727(a)(2), (a)(4) and (a)(5), and where acts concerned the Debtor's spouse as the transferee of the property).

WHEREFORE, Plaintiff prays that this motion is granted, and that final judgment be entered denying discharge of the debts owed by the Debtor-Defendants, JUAN C. MORALES and MIRTHA MORALES, *d/b/a* J.C. & C. ALF, LLC .

Law Office of Michael Garcia Petit, P.A.
Attorney for MERFE CONSTRUCTION
14100 Palmetto Frontage Road, Suite 106
Miami Lakes, Florida 33016
Phone (786) 245-7750
Email: michael@michaelgarciapetitpa.com

By:  /s/Michael Garcia Petit
MICHAEL GARCIA PETIT, ESQ.
FBN: 656216

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was emailed to Richard Siegmeister, Esq., Counsel for Defendants, 1800 SW 1 Ave #304, Miami, FL 33129, Email: rspa111@att.net; Alexis S. Read, Esq., Counsel for Interested Party, Marcia T. Dunn, Chapter 7 Trustee, 555 NE 15th Street, Suite 934-A, Miami, Florida 33132, Email: alexis.read@dunnlawpa.com; and Michel P. Dunn, Esq.,  Counsel for Interested Party, Marcia T. Dunn, Chapter 7 Trustee, 555 NE 15th Street, Suite 934-A, Miami, Florida 33132. E mail: michael.dunn@dunnlawpa.com,  and all others set forth in the NEF, on August 16, 2017.

By:  /s/Michael Garcia Petit
MICHAEL GARCIA PETIT, ESQ.

-21-