UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| JUAN C. MORALES | : | |
| And | : | |
| MIRTHA MORALES | : | CASE NO. 16-26663-AJC |
| _____Debtors_____ / | | |

## U.S. TRUSTEE'S MOTION TO DISMISS CASE, OR IN THE ALTERNATIVE, CONVERT CASE TO CHAPTER 7

Daniel M. McDermott, United States Trustee for Region 21, pursuant to 11 U.S.C. § 1112 (b), respectfully moves this Court to enter an order dismissing this case, or in the alternative, converting this case to a case under chapter 7, and in support states as follows:

1. Juan C. Morales, and Mirtha Morales (the "Debtors"), filed a voluntary petition under chapter 11 of the Bankruptcy Code on December 17, 2016.

2. The Debtors are married, and own and operate an adult living facility. The Debtors list assets of $383,819; no secured or priority debt; and unsecured debt of $750,000.

3. Six Proofs of Claims were filed: a) an unsecured claim by American Express Bank, FSB for $445.77; b) three unsecured claims by Synchrony Bank for $657.19, $239.59, and $326.32, respectively; c) a secured claim by Regions Bank for $268,956.95; and d) a secured claim by Merfe Construction Corp. for $584,067.22.

4. On March 20, 2017, Merfe Construction Corp. ("Merfe"), filed an adversary complaint in this Court against the Debtors objecting to the Debtors' discharge (Adversary Case No: 17-01120) (the "Adversary"). On October 2, 2017, this Court granted Merfe's Motion for

Final Summary Judgment in the Adversary and denied the Debtors' discharge. Since then, the case has lingered on without any activity.

<u>Dismissal or Conversion Is Appropriate Under the Circumstances</u>

5.    Conversion or dismissal of Chapter 11 cases is governed by § 1112(b), which provides that a bankruptcy court shall convert or dismiss a case, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

6.    The term "cause" is not defined by the Bankruptcy Code, but § 1112(b)(4) lists sixteen (16) examples of cause which justify conversion including, but not limited to,[1] the following:

(A)    Substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
(B)    Gross mismanagement of the estate;
(C)    Failure to maintain appropriate insurance that poses a risk to the estate or to the public;
(D)    Unauthorized use of cash collateral substantially harmful to 1 or more creditors;
(E)    Failure to comply with an order of the court;
(F)    Unexcused failure to satisfy timely any filing or reporting requirement established by the Bankruptcy Code or by any rule applicable to the case under Chapter 11;
(G)    Failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
(H)    Failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
(I)    Failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
(J)    Failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
(K)    Failure to pay any fees or charges required under chapter 123 of title 28;
(L)    Revocation of an order of confirmation under section 1144;
(M)    Inability to effectuate substantial consummation of a confirmed plan;

---

[1] The examples set forth in this subsection are meant to be nonexclusive. *See, In re Arm Ventures, LLC,* 564 B.R. 77, 82 (Bankr. S.D. Fla. 2017).

      (N)      Material default by the debtor with respect to a confirmed plan;
      (O)      Termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and
      (P)      Failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

7. In this case, the record supports a finding of cause, at a minimum, under §§ 1112(b)(4)(A), (F), (J) and (K).

8. The Debtors lost their discharge as detailed above. The claims exceed the Debtors' assets. Pursuant to 11 U.S.C. § 1112(b)(4)(A), the absence of a reasonable likelihood of rehabilitation is cause for dismissal or conversion.

9. The Debtors have not filed monthly operating reports ("MORs") since October 2017, as required by Local Bankruptcy Rule 2015-1, *See,* 11 U.S.C. §§ 704(8), 1106(a)(1), 1107(a), and Federal Rule of Bankruptcy Procedure 2015(a)(2) and (3). Without MORs the United States Trustee cannot determine if the Debtors are paying their obligations as they come due, if they are incurring more debt, if they are keeping insurance coverage, or whether the case is viable in bankruptcy. Pursuant to 11 U.S.C. § 1112(b)(4)(F), the unexcused failure to file financial reports is cause for dismissal or conversion.

10. Pursuant to 11 U.S.C. § 1121(b), the Debtors had 120 days from the filing date to file a plan and disclosure statement. The 120 day period concluded on April 16, 2017 without the Debtors requesting an extension. Pursuant to 11 U.S.C. § 1112(b)(4)(J), the failure to file a disclosure statement and plan within the time fixed by § 1121(b) is cause for dismissal or conversion.

11. Pursuant to 28 U.S.C. § 1930(a)(6), the Debtor is obligated to pay to the United States Trustee a quarterly fee based upon the Debtors' disbursements made during each calendar quarter. The Debtors have not paid this obligation to the United States Trustee. Furthermore,

since the Debtors have not filed MORs, the United States Trustee cannot determine with certainty the amount of fees owed. Pursuant to 11 U.S.C. § 1112(b)(4)(K), the non-payment of any fees or charges required under 28 U.S.C. § 1930(a)(6) is cause for dismissal or conversion.

12. The foregoing factors are indicative of the Debtors' inability to manage their affairs and effectively maneuver through the reorganization process. There appears an absence of a reasonable likelihood of rehabilitation and an unlikely ability to effectuate a plan, and therefore, it is in the best interest of creditors and the estate that this case be dismissed or converted to chapter 7.

WHEREFORE, the United States Trustee respectfully requests the entry of an order (i) dismissing this case; or in the alternative, (ii) converting this case to a case under Chapter 7; and (iii) for such other and further relief as may seem just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with all additional qualifications to practice before this Court as set forth in Local Rule 2090-1(A).

Dated: April 3, 2018

Daniel M. McDermott
United States Trustee Region 21

By: /s/ *Johanna P. Armengol*
Johanna P. Armengol, Trial Attorney
Office of the United States Trustee
51 S.W. First Avenue Suite 1204
Miami, FL 33130
Tel: (305) 536-7285
Fax: (305) 536-7360
johanna.armengol@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2018, a true and correct copy of the United States Trustee's Motion to Convert or Dismiss Case, was served to the following, electronically through CM/ECF, on parties having appeared electronically in the instant matter:

- Michael P Dunn    michael.dunn@dunnlawpa.com, rbasnueva@dunnlawpa.com;nnayor@dunnlawpa.com;tyler.stull@dunnlawpa.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Michael MG Petit    michael@michaelgarciapetitpa.com
- Alexis S Read    alexis.read@dunnlawpa.com, nnayor@dunnlawpa.com
- Richard Siegmeister    rspa111@att.net, rspa-ernest@att.net

and that a copy hereof shall be served by U.S. Mail, postage prepaid, on parties not appearing electronically:

(No manual recipients)

/s/ *Johanna P. Armengol*
Johanna P. Armengol