UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No.: 16-26663-AJC
                                                          Chapter 7
JUAN C. MORALES AND
MIRTHA MORALES,

    Debtors.
_____/

### TRUSTEE'S MOTION TO COMPEL DEBTORS TO COMPLY WITH *ORDER CONVERTING CASE UNDER CHAPTER 11 TO CASE UNDER CHAPTER 7* [ECF NO. 67];FILE REQUIRED DEBTOR IN POSSESSION REPORTS; AND FOR SANCTIONS

The Trustee in Bankruptcy for Juan C. Morales and Mirtha Morales (the "Debtors"), Soneet R. Kapila (the "Trustee"), by and through undersigned counsel, hereby files this Motion to Compel Debtors to Comply With *Order Converting Case Under Chapter 11 to Case Under Chapter 7 [ECF No. 67]* and File Required Debtor in Possession Reports and states:

### BACKGROUND

1.  Juan C. Morales, and Mirtha Morales filed a voluntary petition under Chapter 11 of the Bankruptcy Code on December 17, 2016.

2.  April 3, 2018, after approximately four (4) months of inactivity, denial of the Debtors' Discharges [ECF No. 58], and the Debtor's failure to file a Debtor in Possession ("DIP") Report since their October, 2017 DIP Report (filed November 8, 2017 [ECF No. 62]), the U.S. Trustee filed a *Motion to Dismiss Case, or in the Alternative, Convert Case to Chapter 7* [ECF No. 64] which was granted by this Court's May 11, 2018 *Order Converting Case Under Chapter 11 to Case Under Chapter 7* [ECF No. 67] (the "Conversion Order").

3.  Soneet Kapila has been appointed as the Chapter 7 Trustee.

    4.    Pursuant to the May 11, 2018 Conversion Order the Debtors were required to do the following:

    a.    immediately remit to the clerk of court the $15.00 trustee surcharge fee prescribed by the Judicial Conference of the United States (if not previously paid by the debtors);

    b.    forthwith turn over to the Chapter 7 Trustee all records and property of the estate under its custody and control as required by Bankruptcy Rule 1019(4);

    c.    within 14 days of the date of the Conversion Order, May 25, 2018:

        i.    file a schedule of unpaid debts incurred after the commencement of the chapter 11 case as required by Bankruptcy Rule 1019(5) and a supplemental matrix and certification in the format required by Local Rule 1019-1(B); the debtors or debtors' attorney were required to provide notice to those creditors pursuant to Local Rule 1019-1(B);

        ii.    file the statements and schedules required by Bankruptcy Rule 1019(1)(A) and Bankruptcy Rule 1007(c) and in accordance with Local Rule 1019-1(B);

        iii.    file the Official Bankruptcy Form(s) 122A-1 "Chapter 7 Statement of Your Current Monthly Income and Means-Test Calculation", 122A-1Supp "Chapter 7 Means Test

Exemption Attachment", 122A-2 "Chapter 7 Means Test Calculation" as required under Local Rule 1019-1(L), and, if not already filed under chapter 11, payment advices as required by Bankruptcy Rules 1007(b)(1) and 1007(c) and, the certificate and debt repayment plan, if any, required by §521(b), a certification under §109(h)(3) or a request for a determination by the court under 109(h)(4); and

d. within 30 days of the date of the Conversion Order, June 11, 2018 (as June 10, 2018 falls on a Sunday):

  i. file an accounting of all receipts and distributions made. A copy of this report must be served on the U.S. Trustee;

  ii. file a statement of intention with respect to retention or surrender of property securing consumer debts, as required by 11 U.S.C. §521(a)(2)(A) and Bankruptcy Rule 1019(1)(B), and conforming to Official Form 108; and

e. provide notice to affected parties of the deadline set pursuant to Local Rule 1019-1(J)(1) for filing by a nongovernmental unit a request for payment of an administrative expense.

5. To date, the Debtors have paid the $15.00 Conversion Fee and filed a Chapter 7 Statement of Current Monthly Income Form 122A-1, however, the Debtors have otherwise failed to comply with all other provisions of the Conversion Order.

6. In fact, the Debtors have not filed a DIP report since their October 2017 DIP report.

7.   The Conversion Order further stated that failure to comply may also result in sanctions being imposed by the court. Debts not listed or noticed timely will not be discharged.

**RELIEF REQUESTED**

8.   Accordingly, the Trustee requests that the Debtors be compelled to comply with all provisions of the Conversion Order which they have not yet complied with including but not limited to:

   i.   turning over to the Chapter 7 Trustee all records and property of the estate under its custody and control as required by Bankruptcy Rule 1019(4);

   ii.  filing a schedule of unpaid debts incurred after the commencement of the chapter 11 case as required by Bankruptcy Rule 1019(5) and a supplemental matrix and certification in the format required by Local Rule 1019-1(B); the debtors or debtors' attorney were required to provide notice to those creditors pursuant to Local Rule 1019-1(B);

   iii. filing the statements and schedules required by Bankruptcy Rule 1019(1)(A) and Bankruptcy Rule 1007(c) and in accordance with Local Rule 1019-1(B);

   iv.  filing, the certificate and debt repayment plan, if any, required by §521(b), a certification under §109(h)(3) or a request for a determination by the court under 109(h)(4);

   v.   filing an accounting of all receipts and distributions made and serve a copy of this report on the U.S. Trustee;

   vi.  filing a statement of intention with respect to retention or surrender of property securing consumer debts, as required by 11 U.S.C. §521(a)(2)(A)

and Bankruptcy Rule 1019(1)(B), and conforming to Official Form 108; and

vii.  providing notice to affected parties of the deadline set pursuant to Local Rule 1019-1(J)(1) for filing by a nongovernmental unit a request for payment of an administrative expense.

9. The Trustee further requests that the Debtors be compelled to file with the Court, all backdated DIP reports from October 31, 2017 up through and including the date of the Conversion Order, May 11, 2018.

10. Furthermore, the Trustee also requests that the Court sanction the Debtors such that they be ordered to pay attorney fees for the Trustee having to prepare, file, and prosecute the immediate motion. The Court may award such sanctions pursuant to its inherent jurisdiction under 11 U.S.C. § 105, and the Court's authority as provided in the Conversion Order.

WHEREFORE, the Trustee, Soneet R. Kapila, by and through undersigned counsel, respectfully requests that the Court enter an order compelling the Debtors, Juan C. Morales and Mirtha Morales, to comply with the following provisions of the Conversion Order:

i.  turn over to the Chapter 7 Trustee all records and property of the estate under its custody and control as required by Bankruptcy Rule 1019(4);

ii.  file a schedule of unpaid debts incurred after the commencement of the chapter 11 case as required by Bankruptcy Rule 1019(5) and a supplemental matrix and certification in the format required by Local Rule 1019-1(B); the debtors or debtors' attorney were required to provide notice to those creditors pursuant to Local Rule 1019-1(B);

iii. file the statements and schedules required by Bankruptcy Rule 1019(1)(A) and Bankruptcy Rule 1007(c) and in accordance with Local Rule 1019-1(B);

iv. file, the certificate and debt repayment plan, if any, required by §521(b), a certification under §109(h)(3) or a request for a determination by the court under 109(h)(4);

v. file an accounting of all receipts and distributions made and serve a copy of this report on the U.S. Trustee;

vi. file a statement of intention with respect to retention or surrender of property securing consumer debts, as required by 11 U.S.C. §521(a)(2)(A) and Bankruptcy Rule 1019(1)(B), and conforming to Official Form 108;

vii. provide notice to affected parties of the deadline set pursuant to Local Rule 1019-1(J)(1) for filing by a nongovernmental unit a request for payment of an administrative expense; and

additionally compelling the Debtors to file all backdated DIP reports from October 31, 2017 up through and including the date of the Conversion Order, May 11, 2018, within ten (10) days from the date of the Court's Order, and award sanctions to the Trustee for attorney fees for having to prepare, file, and prosecute the immediate motion, plus grant such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished in the manner indicated to all parties on the attached mailing list, this 18 day of June, 2018.

GREENSPOON MARDER, LLP

_____
MICHAEL R. BAKST, Esq.
Attorney for Trustee
Florida Bar No. 866377
525 Okeechobee Blvd., Ste. 900
West Palm Beach FL 33401
(561) 838-4523
michael.bakst@gmlaw.com

MRB/mab
29684.0037

**Electronic Mail Notice List**

- Johanna Armengol    Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
- Michael P Dunn    michael.dunn@dunnlawpa.com, rbasnueva@dunnlawpa.com;nnayor@dunnlawpa.com;tyler.stull@dunnlawpa.com
- Soneet Kapila    trustee@kapilaco.com, ecf.alert+Kapila@titlexi.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Michael MG Petit    michael@michaelgarciapetitpa.com
- Alexis S Read    alexis.read@dunnlawpa.com, nnayor@dunnlawpa.com
- Richard Siegmeister    rspa111@att.net, rspa-ernest@att.net

**Manual Notice List**

**U.S. Regular Mail to:**
Juan C. Morales
Mirtha Morales
680 West 15 Street
Hialeah, FL  33010

**U.S. Certified Mail to:**
Juan C. Morales
Mirtha Morales
680 West 15 Street
Hialeah, FL  33010