**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**
**www.flsb.uscourts.gov**

In re:                                                  Case No.: 16-26663-AJC
                                                        Chapter 7
**JUAN C. AND MIRTHA MORALES,**

        Debtors.

_____/

**MOTION TO APPROVE STIPULATON TO COMPROMISE CONTROVERSY**

> **ANY INTERESTED PARTY WHO FAILS TO FILE AND SERVE A WRITTEN RESPONSE TO THIS MOTION WITHIN TWENTY ONE (21) DAYS AFTER THE DATE OF SERVICE STATED IN THIS MOTION SHALL, PURSUANT TO LOCAL RULE 9013-1(D), BE DEEMED TO HAVE CONSENTED TO THE ENTRY OF AN ORDER IN THE FORM ATTACHED TO THIS MOTION.  ANY SCHEDULED HEARING MAY THEN BE CANCELED.**

Soneet R. Kapila, Trustee in Bankruptcy for Juan and Mirtha Morales, by and through undersigned counsel, hereby files this Motion to Approve Stipulation to Compromise Controversy between Soneet R. Kapila, Trustee, and Merfe Construction Corp. aka Merfe Construction, Inc. (the Trustee, Merfe Construction Corp. aka Merfe Construction, Inc., shall hereinafter be collectively referred to as the "Parties") and states:

1.      This Case was commenced by the filing of a voluntary Chapter 11 bankruptcy petition for Juan Morales and Mirtha Morales (the "Debtors") on December 17, 2016 (the "Petition Date").   The case converted to a Chapter 7 on May 11, 2018.

2.      Soneet R. Kapila, Trustee ("the "Trustee" or "Plaintiff") was appointed as Chapter 7 Trustee on May 11, 2018 [ECF No. 68].

3.      On October 31, 2018, the Trustee filed Adversary Proceeding, case no.

{02245857.DOC.}25139826.1

18-01433-AJC ( the "Adversary Proceeding"), against the Defendant, Merfe Construction Corp. aka Merfe Construction, Inc. ("Merfe or Defendant") seeking to set aside, avoid and recover the transfer of any lien upon the Debtor's ownership a/k/a membership interest in JC&C Investments, LLC ("JC&C" or "LLC") to Merfe Construction Corp. ("Transfer"), as well as seeking a finding that the Order Merfe obtained titled *Order Granting Judgment Creditor's Merfe Construction Corp., Motion for Charging Order and Order of Foreclosure Sale of Sole Membership Interest of Judgment Debtor, Mirtha Morales as to Impleader Defendant, JC&C Investments, LLC* ("Charging Order"), was void as being in violation of the automatic stay.   The Defendant denies certain allegations made by the Trustee and asserts that it has defenses to the claims.

4.      The parties agree to seek, and as a condition of the settlement, an order entered by the Bankruptcy Court granting Merfe a priority unsecured claim in the amount of $40,000.00, which compensates Merfe through a substantial contribution claim for attorneys' fees and costs incurred by Merfe to set aside and avoid Mrs. Morales's prepetition transfer of her 100% ownership interest in JC&C, as having ultimately benefitted the estate.

5.      The settlement will resolve the adversary proceeding 18-01433-AJC against Merfe in its entirety, resulting in an agreed final judgment incorporating the applicable terms of the settlement.

6.      The terms of the agreed final judgment referenced above shall provide that:

(a)      any lien perfection of Merfe obtained through the Summary Judgment Order[1] against Ms. Morales recovering an ownership interest within JC&C is set aside, avoided, recovered and preserved for the benefit of the estate pursuant to 11 U.S.C. §§550 and 551. Such finding shall not impact upon the ruling of the state court which

---

1 All capitalized terms used in the Motion shall have the same meaning ascribed to them in the Stipulation attached
{02245857.DOC.}25139826.1

recovers the fraudulent transfer of the LLC interest in any way. Instead, it shall only preserve any lien interest that could have been created for the benefit of the estate;

(b)      Merfe shall not hold any claim of right, title, lien or interest as to the membership/ownership interest of the estate within JC&C;

(c)      any lien created by the Charging Order in favor of Merfe upon the estate's ownership/membership interest within JC&C shall be deemed void as having been entered post-petition, and, to the extent the Trustee deems necessary, shall be deemed set aside, avoided, recovered and preserved for the benefit of the estate pursuant to 11 U.S.C. §§550 and 551;

(d)      any secured claim of Merfe is disallowed and Merfe's claim is currently allowed as a general unsecured claim.   The settlement shall not preclude the Trustee from seeking a reduction in the amount of Merfe's Claim, not including the Priority Claim being granted under the Stipulation (which is deemed allowed and liquidated), based upon Merfe's $300,000.00 equitable lien so long as such lien exists, without prejudice to any defenses or objections to same that Merfe may assert; and

(e)      All distributions on Merfe's priority claim or claim shall be made to the trust account of Meland, Russin & Budwick, P.A.

7.      This Motion provides only a summary of the terms of the settlement, and thus the Trustee encourages all creditors not to rely upon this Motion but instead to read the Stipulation in full for more details pertaining to the settlement.

8.      This Stipulation and Motion are being noticed to all creditors pursuant to Federal Rule of Bankruptcy Procedure 9019.

_____

hereto as Exhibit "A," unless otherwise defined.
{02245857.DOC.}25139826.1

9.      The legal principles to be applied in evaluating a proposed settlement have been enunciated upon within the Southern District of Florida in *In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D.Fla. 1988).    The appropriate test is "whether the compromise falls below the lowest point in the range of reasonableness".    Id. at 891, citing, *In re Teltronics Services, Inc.*, 762 F.2d 185, 189 (2nd Cir. 1985); *In re W.T. Grant Company*, 699 F.2d 599, 608 (2nd Cir. 1983). The Trustee believes that this settlement agreement more than complies with the legal principles relied upon within these authorities.

10.      The Eleventh Circuit provides that when a bankruptcy court decides whether to approve or disapprove a settlement, it must consider:

      i.      the probability of success in the litigation;

      ii.      the difficulties, if any, to be encountered in the matter of collection;

      iii.      the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

      iv.      the paramount interest of the creditors and a proper deference to their reasonable view in the premises.

*In re Justice Oaks II, Ltd,* 898 F.2d 1544 (11th Cir. 1990).

11.      With regard to these factors, the following is a detailed analysis:

(a)      Specifically, when weighing the Stipulation with the probability of success in the litigation, this settlement will avoid the difficulty and expense and time delays incumbent in litigation of the Adversary Proceeding.   While the Trustee believes that his claims are meritorious, the Trustee recognizes the potential for extended litigation involving costly and time-consuming discovery related to factual issues, extensive briefing as to legal issues involving

perfection of liens, both pre and post petition, and an uncertain result.

(b)    With regard to the difficulties, if any, to be encountered in the matter of collection, the Trustee has evaluated the risks of collection does not believe that this factor would be applicable in this case because of the nature of the suit being primarily a determination that an asset of the estate is not encumbered and determining certain claim priorities and interests. It does not involve an issue where there could be difficulty collecting on a judgment that may be obtained by the estate because the Trustee has not sought a money judgment.

(c)    With regard to the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it, given the defenses that have been raised by Merfe, the Trustee submits that the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attendant to litigating adversary proceedings to judgment, to achieve substantially similar results negotiated under the Stipulation, could be costly for the estate.   Indeed avoiding the delays and uncertainty inherent in this litigation will provide much more of a benefit to this estate as it allows the Trustee to administer the estate's interest within JC&C sooner rather than later.

(d)    With regard to the paramount interest of the creditors and a proper deference to their reasonable view in the premises, again, for the reasons already articulated, the Trustee reached this settlement at arms' length with Merfe and believes that it is in the best interests of the estate. The Trustee had considered the positions of creditors with a proper deference toward their reasonable views.   Merfe is already the largest creditor in this case and has put the estate in the position to administer the interest in JC&C because it brought pre-petition litigation to set aside, avoid and recover the fraudulent transfer of Ms. Morales' membership interest pre-petition (and prevailed). Thus, the Trustee did not have to bring a

similar adversary proceeding.

12.    The Trustee has evaluated the settlement while considering all of the factors required by the Eleventh Circuit and supports its approval by the Court as being in compliance with the factors, and being in the best interest of creditors and the estate.

**WHEREFORE**, Soneet R. Kapila, Trustee in Bankruptcy for Juan and Mirtha Morales, respectfully requests that the Court enter an order approving stipulation to compromise controversy, plus grant such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated:  _____                    Respectfully Submitted,

**GREENSPOON MARDER, LLP**

*/s/Michael R. Bakst*

_____
MICHAEL R. BAKST, ESQ.
Florida Bar No.: 866377
Attorneys for the Trustee
525 Okeechobee Blvd., Suite 900
West Palm Beach FL 33401
Telephone:   (561) 838-4523
Facsimile:   (561) 514-3423

## CERTIFICATE OF SERVICE

I CERTIFY that on March 12, 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.   I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF, or by first class U.S. mail on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully Submitted,

**GREENSPOON MARDER, LLP**

*/s/Michael R. Bakst*

MICHAEL R. BAKST, ESQ.
Florida Bar No.: 866377
Attorneys for the Trustee
525 Okeechobee Blvd., Suite 900
West Palm Beach FL 33401
Telephone:   (561) 838-4523
Facsimile:   (561) 514-3423

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Johanna Armengol     Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

- Michael R. Bakst      efileu1094@gmlaw.com,
  ecf.alert+bakst@titlexi.com;efileu1092@gmlaw.com;efileu1093@gmlaw.com;melissa.bi
  rd@gmlaw.com;efileu2170@gmlaw.com;efileu2299@gmlaw.com

- Rilyn A Carnahan      rilyn.carnahan@gmlaw.com,
  efileu1092@gmlaw.com;efileu1089@gmlaw.com;melissa.bird@gmlaw.com;efileu1435
  @gmlaw.com;efileu1094@gmlaw.com;efileu1093@gmlaw.com;gregory.stolzberg@gml
  aw.com;efileu2299@gmlaw.com

- Michael P Dunn      michael.dunn@dunnlawpa.com,
  rbasnueva@dunnlawpa.com;nnayor@dunnlawpa.com;joel.knee@dunnlawpa.com

- Michael A. Frank      pleadings@bkclawmiami.com,
  bkcpleadings@gmail.com;frankmr48583@notify.bestcase.com

- Daniel N Gonzalez      dgonzalez@melandrussin.com,
  ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;dgonzalez@ecf.courtdrive.com;lt
  annenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

- Soneet Kapila        trustee@kapilaco.com, ecf.alert+Kapila@titlexi.com
- Office of the US Trustee        USTPRegion21.MM.ECF@usdoj.gov
- Michael MG Petit        michael@michaelgarciapetitpa.com
- Alexis S Read        alexis.read@dunnlawpa.com, asr@alexisreadlaw.com
- Richard Siegmeister        rspa111@att.net, rspa-ernest@att.net

**Manual Notice List**

skapila@kapilamukamal.com
Soneet Kapila
c/o Kapila & Company
1000 South Federal Highway
Suite 200
Fort Lauderdale, FL 33316

**All Interested Parties listed on the Court's Mailing Matrix, a copy attached hereto**

Label Matrix for local noticing
113C-1
Case 16-26663-AJC
Southern District of Florida
Miami
Fri Mar  8 10:11:10 EST 2019

MERFE CONSTRUCTION CORP
4951 S.W. 132 Avenue
Miami, FL 33175-5245

American Express Bank, FSB
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Amex
Po Box 297871
Fort Lauderdale, FL 33329-7871

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Centro Evangelistico Lo Roca, Inc.
c/o Pastor David Bonilla Registered Agen
9725 S.W. 85 Street
Miami, Florida 33173-4050

Chase Card
Po Box 15298
Wilmington, DE 19850-5298

Chase Card Services
Po Box 15298
Wilmington, DE 19850-5298

Citibank / Sears
Po Box 6283
Sioux Falls, SD 57117-6283

Citibank Sears
Po Box 6189
Sioux Falls, SD 57117-6189

Citibank/The Home Depot
Po Box 6497
Sioux Falls, SD 57117-6497

Federal National Mortgage Association
7130 Goodlett Farms Parkway
Cordova, TN 38016-4991

Geuilmermo, Perez, Esquire
c/o Reiner & Reiner P.A.
9100 South Dadeland Blvd., Suite 9100
Miami, Florida 33156-7814

Guilermo Perez, Esquire
1900 NW 84 Avenue
Doral, Florida 33126-1030

Guillermo Perez, PA
1300 NW 84TH AVE
Doral, Florida 33126-1500

Guillermo Perz, PA
1300 NW 84TH AVE
Doral, Florida 33126-1500

Jose Raul Peruyera and Glorida Peruyera
1105 S.W. 87 avenue
Miami, Florida 33174-3210

Josefa Rodriguez
4524 S.W. 128 Place
Miami, Florida 33175-4614

Law Office Of Michael Garcia Petit, P.A.
14100 Palmetto Lakes Frontage Road, Suit
Miami Lakes, Florida 33016-1568

MERFE CONSTRUCTION CORP.
4951 S.W. 132 Avenue
Miami, Florida 33175-5245

Margab Investors, Inc.
c/o Roberto M. Ureta, Esquire
9300 South Dadeland Boulevard, 4 Floor
Miami, Florida 33156-2748

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

REGIONS BANK
P O BOX 10063
BIRMINGHAM AL 35202-0063

Regions Bank
c/o Leslie S. Whit, Esquire
P.O. Box 3146
Orlando, Florida 32802-3146

Reiner & Reiner PA
9100 S Dadeland Blvd Ste 901
Miami, Florida 33156-7815

Reiner & Reiner, PA
9100 S Dadeland Blvd Ste 901
Miami, Florida 33156-7815

Renato  Perez, Esquire
Law Offices of Perez & Perez
1105 SW 87th Avenue
Miami, Florida 33174-3210

SYNCB/BRMart
C/o Po Box 965036
Orlando, FL 32896-0001

Samuel B. Reiner II, Esquire
c/o Reiner & Reiner, P.A.
9100 South Dadeland Blvd., Suite 901
Miami, Florida 33156-7815

Sanchez and Son, Inc.
d/b/a Sanchez and Son Investment
501 N.E. 1 AVenue #200
Miami, Florida 33132-1960

Shapiro & Fishman, LLP
2424 North Federal highway, Suite 360
Boca Raton, Flrodia 33431-7701

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk VA 23541-1021

Synchrony Bank/Amazon
Po Box 965015
Orlando, FL 32896-5015

Synchrony Bank/Chevron
Po Box 965015
Orlando, FL 32896-5015

Synchrony Bank/Lowes
Po Box 965005
Orlando, FL 32896-5005

Target
Po Box 673
Minneapolis, MN 55440-0673

Thomas Payne, Esquire
501 NE 1 avenue Ste 200
Miami, Florida 33132-1960

Juan C Morales
680 West 15 Street
Hialeah, FL 33010-2828

Marcia T. Dunn
555 NE 15 St #934-A
 Miami, FL 33132-1465

Michael A. Frank Esq.
10 NW LeJeune Rd #620
Miami, FL 33126-5473

Mirtha Morales
680 West 15 Street
Hieleah, FL 33010-2828

Soneet Kapila
www.kapilatrustee.com
PO Box 14213
Ft Lauderdale, FL 33302-4213

Soneet Kapila
c/o Kapila & Company
1000 South Federal Highway
Suite 200
Fort Lauderdale, FL 33316-1237

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bank Of America
Po Box 982238
El Paso, TX 79998

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami

(u)Renato  Perez, Esquire
Law Offices of Perez & Perez

(u)Thimas Payne, Esquire

End of Label Matrix
Mailable recipients    43
Bypassed recipients     3
Total                  46

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**
**www.flsb.uscourts.gov**

In re:                                            Case No.: 16-26663-AJC
                                                  Chapter 7
JUAN C. AND MIRTHA MORALES,

    Debtors.
_____/

### STIPULATION TO COMPROMISE CONTROVERSY

Soneet R. Kapila, Trustee in Bankruptcy for Juan and Mirtha Morales ("Trustee"), by and through undersigned counsel, and Merfe Construction Corp. aka Merfe Construction, Inc., ("Merfe," and collectively with the Trustee, the "Parties"), by and through undersigned counsel, hereby stipulate and agree as follows (the "Stipulation"):

### RECITALS

WHEREAS, on December 17, 2016 ("Petition Date"), Juan and Mirtha Morales ("Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code;

WHEREAS, on May 11, 2018, the case converted to a Chapter 7;

WHEREAS, the Debtors' amended Schedule A/B no. 19 lists 100% ownership interest in JC&C Investments, LLC ("JC&C") with a value listed in the amount of $300,000.00 [ECF No. 102].

WHEREAS, as of the date of the bankruptcy filing, the Debtor wife, Mirtha Morales, ("Ms. Morales") held a 100% membership interest in JC&C Investments, LLC ("JC&C"). JC&C's assets include the real property located at 158 West 10 Street, Hialeah, Florida ("Real Property") which the Trustee is of the opinion is worth at least $450,000.00, with no mortgage upon the Real Property and debts, if any, that are far less than the value of any assets held by JC&C, thus warranting administration by the Trustee.

*(FS)*

WHEREAS, on November 15, 2016, the State Court entered its Order on Merfe's Motion for Partial Summary Judgment as to Transfer to Juan Carlos Morales by Mirtha Morales of Her Membership Interests in JC&C Investments, LLC and to Foreclose ("Summary Judgment Order"). The State Court found that the prior transfer of Ms. Morales' membership interest in JC&C Investments, LLC was void and that, as a result, Ms. Morales was the sole member of JC&C. Merfe's motion further sought an entitlement to an order of foreclosure and charging order against JC&C, but the State Court denied that part of the motion without prejudice subject to Merfe filing a new motion for foreclosure and/or a charging order setting forth the dates and amounts of all staggered payments it received from the underlying mortgagee. However, prior to filing such motion, the Debtors commenced this bankruptcy case.

WHEREAS, on October 31, 2018, the Trustee filed an adversary proceeding, case no. 18-01433-AJC (the "Adversary"),  seeking to set aside, avoid and recover the transfer of any lien upon the Debtor's ownership a/k/a membership interest within JC&C Investments, LLC to Merfe Construction Corp. ("Transfer") as well as seeking a finding that the Order Merfe obtained titled *Order Granting Judgment Creditor's Merfe Construction Corp., Motion for Charging Order and Order of Foreclosure Sale of Sole Membership Interest of Judgment Debtor, Mirtha Morales as to Impleader Defendant, JC&C Investments, LLC* ("Charging Order"), was void as being in violation of the automatic stay.  Merfe disputes such allegations.

WHEREAS, Merfe filed a proof of claim no. 6 on April 12, 2017, and filed an amended proof of claim no. 6-2 (the "Claim") in this case on June 4, 2018, claiming $360,000.00 as secured and $560,730.38 as unsecured. The Adversary also objects to Merfe's Claim as a secured claim and seeks to reserve jurisdiction as to certain amounts of the Claim.

WHEREAS, the Parties are entering into this Stipulation to resolve and settle the Adversary

(FS)

against Merfe in full, with the Trustee reserving the right to object to the amount of Merfe's Claim.

WHEREAS, Merfe has informed the Trustee that notwithstanding any determination of secured status against any asset of the estate, it is its assertion that without it having brought the pre-petition action to recover Ms. Morales' ownership interest within JC&C, that the Trustee would have been required to pursue the same proceedings on behalf of the estate, which would have proportionately increased the estate's administrative expenses and costs, not to mention delays in obtaining such an adjudication. In order to resolve this position, the Parties agree to seek, and as a condition of this settlement, the Bankruptcy Court would enter an order granting Merfe a priority unsecured claim in the amount of $40,000.00 (the "Priority Claim") which is intended to compensate Merfe through a substantial contribution claim for attorney fees and costs incurred by Merfe to set aside the LLC interest in JC&C, as having ultimately benefitted the estate.

NOW THEREFORE, as a settlement between the parties to resolve the disputes and issues referenced above, the Trustee and Merfe hereby agree as follows:

1.      The parties agree to seek, and as a condition of this Stipulation, an order entered by the Bankruptcy Court granting Merfe the Priority Claim in the amount of $40,000.00, which compensates Merfe through a substantial contribution claim for attorney fees and costs incurred by Merfe to set aside the LLC interest in JC&C, as having ultimately benefitted the estate.

2.      The Stipulation resolves the Adversary against Merfe in its entirety, resulting in a final judgment incorporating the applicable terms of the Stipulation.

3.      The terms of the agreed final judgment referenced above shall provide that:

(a) any lien perfection of Merfe obtained through the Summary Judgment Order against Ms. Morales recovering an ownership interest within JC&C is set aside, avoided, recovered and preserved for the benefit of the estate pursuant to 11 U.S.C. §§550 and 551.

Such finding shall not impact upon the ruling of the State Court which recovers the fraudulent transfer of the LLC interest in any way. Instead, it shall only preserve any lien interest that could have been created for the benefit of the estate;

(b) Merfe shall not hold any claim of right, title, lien or interest as to the membership/ownership interest of the estate within JC&C;

(c) any lien created by the Charging Order in favor of Merfe upon the estate's ownership/membership interest within JC&C shall be deemed void as having been entered post-petition, and, to the extent the Trustee deems necessary, shall be deemed set aside, avoided, recovered and preserved for the benefit of the estate pursuant to 11 U.S.C. §§550 and 551;

(d) any secured claim of Merfe is disallowed and Merfe's Claim is currently allowed as a general unsecured claim. The Stipulation shall not preclude the Trustee from seeking a reduction in the amount of Merfe's Claim, not including the Priority Claim being granted under this Stipulation (which is deemed allowed and liquidated), based upon Merfe's $300,000 equitable lien[1] so long as such lien exists, without prejudice to any defenses or objections to same that Merfe may assert; and

(e) All distributions on Merfe's Priority Claim or Claim shall be made to the trust account of Meland, Russin & Budwick, P.A.

## NO OTHER AGREEMENTS: MODIFICATION

4.      This agreement contains the entire understanding and agreement of the Parties, and there are no prior or contemporaneous promises, representations, agreements, warranties, or undertakings by either party to the other, either oral or written of any character or nature, except as set forth in this Stipulation. This Stipulation may be altered, amended, or modified only by an

(FS)

instrument in writing, executed and acknowledged by the parties to this agreement, with the same formality as this agreement, and by no other means. Each party waives any right to claim that this agreement was modified, canceled, superseded, or changed by an oral agreement, course of conduct, or estoppel.

5.      Each of the Parties understands and agrees that this is a compromise of disputed claims made in order to avoid the significant costs and uncertainties of litigation and that the promises made in consideration of this Stipulation shall not be construed to be an admission of any liability of facts whatsoever by any party. By executing this Stipulation, the parties expressly deny any liability or fault related to his dispute.

## APPLICABLE LAW

6.      All matters affecting the execution, interpretation, validity, and enforceability of this agreement shall be subject to, and interpreted under Federal Bankruptcy Law, as well as the laws of the State of Florida to whatever extent Bankruptcy Law relies upon state law.

## NO PRESUMPTIONS ARISING FROM DRAFTING

7.      The fact that any draft of this Stipulation was prepared by counsel for one of the Parties shall create no presumptions, and specifically, shall not cause any ambiguities to be construed against that party. The Parties acknowledge that each has contributed toward the drafting of this Stipulation, and that this Stipulation is the result of negotiations between the Parties.

## WAIVERS

8.      The failure of either party at any time to require the performance of the other of any of the terms, provisions, or conditions hereof shall in no way affect the right thereafter to enforce the same, nor shall the waiver by either party of the breach of any of the terms, provisions, and conditions hereof, be construed or be deemed a waiver of any succeeding breach of any term,

---

[1] Merfe has an equitable lien upon the Debtor's $300,000 mortgage receivable from Centro Evangelistico La Roca.



provision, or condition hereof.

## ADDITIONAL ACKNOWLEDGEMENTS AND UNDERSTANDINGS

9.    The Parties acknowledge that each fully understands all of the terms and obligations of this agreement, and each believes the same to be fair, just, equitable, reasonable, fully acceptable, and not unconscionable.

10.    The Parties enter into this agreement freely and voluntarily.  Neither party has been the subject of any duress, undue influence, fraud, or coercion in entering into this Stipulation.

11.    All Parties to this Stipulation acknowledge that they have had the benefit and assistance of the representation of his own separate and independent attorneys to advise them of his rights and obligations under this Stipulation, or they knowingly and voluntarily waived that right, and they are also aware of what his rights would be in the absence of this Stipulation.

12.    This Stipulation shall be binding upon and inure to the benefit of the heirs and successors of the respective Parties.

13.    This Stipulation may be executed in two or more counterparts, including facsimile and/or scanned counterparts, none of which need contain signatures of all of the parties hereto, each of which will constitute an original, and all of which, taken together, shall constitute one and the same agreement.

14.    If the Bankruptcy Court does not approve this Stipulation, then the Stipulation shall be of no further force or effect, and the Parties shall be restored to their rights as they existed prior to the execution of this settlement. Notwithstanding the foregoing, if the Bankruptcy Court does not approve this Stipulation because any of the Parties have failed to provide the Court with adequate information to rule on the merits of the Stipulation, the Parties will use their best efforts to seek reconsideration of any order declining to approve the Stipulation, or to file an amended motion to

approve the Stipulation.

14.    The date of this Stipulation is the date on which the last of the Parties executes a copy of the Stipulation.

16.    Each Party shall bear their own attorneys' fees and costs in connection with the negotiation of this Stipulation and motions and orders as may be necessary to obtain the approval of this settlement by the Bankruptcy Court.

## CAPTIONS

15.    The captions of the various paragraphs in this agreement are for convenience only, and none of them is intended to be any part of the text of this Stipulation or intended to be referred to in construing any provision of it.

## INCORPORATION OF RECITALS

16.    The recitals to this agreement are incorporated into this agreement and accepted and agreed to by all Parties as though fully set forth in the body of this agreement.  The fact that a particular provision of the body of this Stipulation is not mentioned in the recitals shall not affect the validity or enforceability of such provision.  The facts stated in the recitals shall conclusively be presumed to be true for all purposes between the Parties and any other party bound by this Stipulation.

## NOTICES

17.    Any notices required by this Stipulation must be given either in writing by U.S. Mail, certified/return receipt requested, express mail service, or email to the parties as follows:

To the Trustee:
Michael R. Bakst, Esq.
Greenspoon Marder, P.A.
CityPlace Tower

525 Okeechobee Blvd., Suite 900
West Palm Beach FL 33401
michael.bakst@gmlaw.com

To Merfe Construction Corp.
aka Merfe Construction, Inc.
Meland Russin & Budwick PA
c/o Daniel Gonzalez, Esq.
200 S. Biscayne Blvd #3200
Miami, FL 33131
Telephone: (305) 358-6363
dgonzalez@melandrussin.com

18.    The Parties to this Stipulation understand that it must be noticed to all creditors and must be approved by the Bankruptcy Court, and the Trustee will provide such notices. In the event that it is not approved by the Bankruptcy Court it shall be deemed null and void.

19.    The Parties agree to the Bankruptcy Court retaining jurisdiction over them and over the cause for the purpose of enforcing, approving, and ratifying this agreement.

20.    Each party signing this Stipulation, and any other documents executed in connection with this Stipulation, whether signed individually or on behalf of any person or entity, warrants and represents that he or she has full authority to so execute this Stipulation on behalf of the Parties on whose behalf he or she so signs. Each party signing this Stipulation separately acknowledges and represents that this representation and warranty is an essential and material provision of this Stipulation and shall survive execution of this Stipulation.

21.    Facsimile signatures and/or scanned signatures shall be acceptable for filing with the Court and for purposes of enforcing, approving and ratifying this agreement.

IN WITNESS WHEREOF, the parties hereto have set his hands and seals to this settlement agreement on the dates specified below.

MELAND RUSSIN & BUDWICK PA

_____
DANIEL N. GONZALEZ, ESQ.
Attorney for Merfe Construction Corp.
200 S. Biscayne Blvd., Ste 3200
Miami, FL 33131-5323
(305) 358-6363
Florida Bar No.: 592749

Dated: 3/7/19

GREENSPOON MARDER LLP

_____
MICHAEL R. BAKST, ESQ.
Attorney for Trustee
CityPlace Tower
West Palm Beach FL 33401
(561) 838-4523
Florida Bar No.: 866377

Dated: 3/11/19

MERFE CONSTRUCTION CORP. aka
MERFE CONSTRUCTION, INC.

_____

Dated: 3/4/2019

**PROPOSED**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**
**www.flsb.uscourts.gov**

In re:                                                    Case No.: 16-26663-AJC
                                                         Chapter 7

**JUAN C. AND MIRTHA MORALES,**

   Debtors.
_____/

## ORDER APPROVING STIPULATION TO COMPROMISE CONTROVERSY

THIS MATTER came before the Court in Miami, Florida, upon the Trustee's *Motion to Approve Stipulation to Compromise Controversy* (the "Motion"), and the movant by submitting this form of order having represented that the motion was served on all parties required by Bankruptcy Rule 2002 or Local Rule 2002-1(H), (I) or (J), that the 21 day response time provided by Local Rule 9013-1(D) has expired, that no one has filed, or served on the movant, a response to the motion, and that the form of order was attached as an exhibit to the motion, and the Court being otherwise fully advised in the premises it is,

**ORDERED AND ADJUDGED** as follows:

1.    The Motion is **GRANTED.**

2.    The Stipulation to Compromise Controversy attached to the Motion as Exhibit "A" is **APPROVED** in its entirety, and its terms are hereby incorporated by reference into this Order in their entirety.

3.    The Court hereby approves the Stipulation between Soneet R. Kapila, Trustee in Bankruptcy for Juan and Mirtha Morales (the "Trustee"), and Merfe Construction Corp. aka Merfe Construction, Inc. (the "Defendant" or "Merfe"). The Court finds that the Stipulation is in the best interest of the creditors and the estate. The Stipulation's terms are incorporated by reference in this Order.

4.    The settlement shall resolve the adversary proceeding 18-01433-AJC against Merfe Construction Corp. aka Merfe Construction, Inc. in its entirety, resulting in a final judgment incorporating the applicable terms of the Stipulation.

5.    The Court finds that all creditors have been duly and properly noticed of the Motion, the Stipulation, and the proposed settlement.

6.    The Court finds that a separate order shall be entered granting the Final Judgment.

7.    The Court reserves jurisdiction over the parties and over the cause for the purposes of enforcing the terms and covenants contained within the Stipulation.

###

Submitted by:
Michael R. Bakst, Esq.
Greenspoon Marder LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL  33401
Telephone: (561) 838-4523

**[Michael R. Bakst, Esq. is directed to serve copies of this order on the parties listed and file a certificate of service]**

**Electronic Mail Notice List**

- Johanna Armengol    Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
- Michael R. Bakst    efileu1094@gmlaw.com,
  ecf.alert+bakst@titlexi.com;efileu1092@gmlaw.com;efileu1093@gmlaw.com;melissa.bi
  rd@gmlaw.com;efileu2170@gmlaw.com;efileu2299@gmlaw.com
- Rilyn A Carnahan    rilyn.carnahan@gmlaw.com,
  efileu1092@gmlaw.com;efileu1089@gmlaw.com;melissa.bird@gmlaw.com;efileu1435
  @gmlaw.com;efileu1094@gmlaw.com;efileu1093@gmlaw.com;gregory.stolzberg@gml
  aw.com;efileu2299@gmlaw.com
- Michael P Dunn    michael.dunn@dunnlawpa.com,
  rbasnueva@dunnlawpa.com;nnayor@dunnlawpa.com;joel.knee@dunnlawpa.com
- Michael A. Frank    pleadings@bkclawmiami.com,
  bkcpleadings@gmail.com;frankmr48583@notify.bestcase.com
- Daniel N Gonzalez    dgonzalez@melandrussin.com,
  ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;dgonzalez@ecf.courtdrive.com;lt
  annenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- Soneet Kapila    trustee@kapilaco.com, ecf.alert+Kapila@titlexi.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Michael MG Petit    michael@michaelgarciapetitpa.com
- Alexis S Read    alexis.read@dunnlawpa.com, asr@alexisreadlaw.com
- Richard Siegmeister    rspa111@att.net, rspa-ernest@att.net

**Manual Notice List**

skapila@kapilamukamal.com
Soneet Kapila
c/o Kapila & Company
1000 South Federal Highway
Suite 200
Fort Lauderdale, FL 33316

**All Creditors and Interested Parties listed on the Court's Mailing Matrix**

**PROPOSED**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI-DADE DIVISION**
**www.flsb.uscourts.gov**

In re:                                                        Case No.: 16-26663-AJC
                                                                 Chapter 7

JUAN C. AND MIRTHA MORALES,

    Debtors.
_____/

<u>**AGREED FINAL JUDGMENT**</u>

      THIS MATTER came before the Court in Miami, Florida, upon the Trustee's *Motion to Approve Stipulation to Compromise Controversy* (the "Motion"), and the movant by submitting this form of order having represented that the Motion was served on all parties required by Bankruptcy Rule 2002 or Local Rule 2002-1(H), (I) or (J), that the 21-day response time provided by Local Rule 9013-1(D) has expired, that no one has filed, or served on the movant, a response to the Motion, and that the form of order was attached as an exhibit to the Motion, and the Court being otherwise fully advised in the premises it is,

      **ORDERED AND ADJUDGED** as follows:

1.    Pursuant to separate order, the Court has granted the Motion.

2.      The Stipulation to Compromise Controversy (the "Stipulation") attached to the Motion as Exhibit "A" is **APPROVED** in its entirety, and its terms are hereby incorporated by reference into this order in their entirety.

3.      Final Judgment is hereby entered in favor of Soneet R. Kapila, Trustee in Bankruptcy for Juan and Mirtha Morales against Merfe Contruction Corp. aka Merfe Construction, Inc. ("Merfe") as set forth below.

4.      The Court finds as follows:

(a)      Merfe is allowed a priority unsecured claim in the amount of $40,000.00;;.

(b)      any lien perfection of Merfe obtained through the Summary Judgment Order1 against Ms. Morales recovering an ownership interest within JC&C is set aside, avoided, recovered and preserved for the benefit of the estate pursuant to 11 U.S.C. §§550 and 551. This ruling does not, shall not, and is not intended to have any effect upon the Summary Judgment Order entered within the State Court which set aside the fraudulent transfer of Ms. Morales' 100% ownership interest within JC&C, such that the estate is the 100% owner of all ownership interests within JC&C pursuant to 11 U.S.C.§541.

(c)      Merfe shall not hold any claim of right, title, lien or interest as to the membership/ownership interest of the estate within JC&C;

(d)      any lien created by the Charging Order in favor of Merfe upon the estate's ownership/membership interest within JC&C is void as having been entered post-petition, and to the extent deemed necessary by the Trustee, such lien is set aside, avoided, recovered and preserved for the benefit of the estate pursuant to11 U.S.C. §§550

---

1 All capitalized terms used in this Order shall have the same meaning ascribed to them in the Stipulation, unless otherwise defined.

and 551;

   (e) any secured claim of Merfe is disallowed and Merfe's Claim is allowed as a general unsecured claim;

   (f) the Trustee shall retain the authority to seek a reduction in the amount of Merfe's Claim, not including the priority unsecured claim referenced above of $40,000.00 (which is allowed and liquidated), based upon Merfe's $300,000.00 equitable lien so long as such lien exists, without prejudice to any defenses or objections to same that Merfe may assert; and

   (g) all distributions on Merfe's priority unsecured claim or Claim shall be made to the trust account of Meland, Russin & Budwick, P.A.

7. The Court reserves jurisdiction to enforce this final judgment.

###

Submitted by:
Michael R. Bakst, Esq.
Greenspoon Marder LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
Telephone: (561) 838-4523

**[Michael R. Bakst, Esq. is directed to serve copies of this order on the parties listed and file a certificate of service]**

## Electronic Mail Notice List

- Johanna Armengol Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
- Michael R. Bakst efileu1094@gmlaw.com, ecf.alert+bakst@titlexi.com;efileu1092@gmlaw.com;efileu1093@gmlaw.com;melissa.bird@gmlaw.com;efileu2170@gmlaw.com;efileu2299@gmlaw.com
- Rilyn A Carnahan rilyn.carnahan@gmlaw.com, efileu1092@gmlaw.com;efileu1089@gmlaw.com;melissa.bird@gmlaw.com;efileu1435@gmlaw.com;efileu1094@gmlaw.com;efileu1093@gmlaw.com;gregory.stolzberg@gmlaw.com;efileu2299@gmlaw.com
- Michael P Dunn michael.dunn@dunnlawpa.com, rbasnueva@dunnlawpa.com;nnayor@dunnlawpa.com;joel.knee@dunnlawpa.com
- Michael A. Frank pleadings@bkclawmiami.com, bkcpleadings@gmail.com;frankmr48583@notify.bestcase.com

- Daniel N Gonzalez    dgonzalez@melandrussin.com,
  ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;dgonzalez@ecf.courtdrive.com;lt
  annenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- Soneet Kapila    trustee@kapilaco.com, ecf.alert+Kapila@titlexi.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Michael MG Petit    michael@michaelgarciapetitpa.com
- Alexis S Read    alexis.read@dunnlawpa.com, asr@alexisreadlaw.com
- Richard Siegmeister    rspa111@att.net, rspa-ernest@att.net

**Manual Notice List**

skapila@kapilamukamal.com
Soneet Kapila
c/o Kapila & Company
1000 South Federal Highway
Suite 200
Fort Lauderdale, FL 33316

**All Creditors and Interested Parties listed on the Court's Mailing Matrix**