UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No.: 16-26663-AJC
                                                          Chapter 7
JUAN C. AND MIRTHA MORALES,

      Debtors.
_____/

### EMERGENCY MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY EXPEDITED HEARING REQUESTED PURSUANT TO LOCAL RULE 9075-1

1.     **Soneet R. Kapila**, Trustee in Bankruptcy for **Juan C. and Mirtha Morales**, by and through the undersigned attorney hereby files this Emergency Motion to Approve Stipulation to Compromise Controversy (this motion shall be referred to as "Motion to Approve" and the attached Stipulation may be referred to as the "Stipulation") Juan C. and Mirtha Morales ("Debtors") and states:

### Reason for the Exigency

2.     The Trustee seeks approval of the Stipulation with the Debtors on an emergency basis because of the manner in which the Debtors would be financing payment of the money owed under the settlement. The Debtors have filed a separate motion Debtor's Emergency Motion to Allow Financiing of Real Property, Emergency Hearing Requested [ECF No. 189], filed April 23, 2019, which more fully sets forth the relief they are seeking. The Trustee is of the opinion that it would be appropriate, and in the best interest of creditors, for the Debtors' Motion and the instant settlement to be approved at the same time so that upon the Debtors obtaining financing upon the real property held by the subject limited liability company, the funds can

37372760.1

immediately be turned over to the Trustee within such closing. The Trustee believes that good cause has been shown to shorten the time for a hearing on the instant motion pursuant to Federal Rule of Bankruptcy Procedure 9006(c)(1). **The Trustee seeks a hearing on the instant motion within the next ten (10) days.**

## REQUESTED RELIEF

3. Juan C. Morales and Mirtha Morales ("Debtors") filed their voluntary Chapter 11 bankruptcy petition on December 17, 2016 and the case converted to a Chapter 7 on May 11, 2018. Soneet R. Kapila ("Trustee") is the duly appointed Chapter 7 Trustee based upon his appointment on May 11, 2018 [ECF No. 68].

4. Attached hereto is a copy of a Stipulation to Compromise Controversy that has been entered into between the Trustee and the Debtors. The Trustee will attempt to summarize this four hundred fifty thousand dollar ($450,000.00) settlement within this Motion to Approve, but creditors are encouraged to read the Stipulation in full.

5. The Trustee is of the opinion that this settlement is a reasonable settlement for several reasons. This bankruptcy case has been pending now for over two years, although most of that time it was a Chapter 11 proceeding. During that time, all claimants have come forward to file claims. The Debtors do not have any joint creditors and the total creditors with claims against Mr. Morales equals less than $2,000.00. These creditors would be paid in full within this estate. In regard to creditors against Ms. Morales, there is a claim filed by Regions Bank in the amount of $268,956.95 which was filed as a secured claim, but pursuant to court order dated December 6, 2018, Order Sustaining Objection to Claim No. 3, [ECF No.162], this claim is now a general unsecured claim. The only other claim filed by a creditor of just Ms. Morales was filed

by Merfe Construction Corp. a/k/a Merfe Construction, Inc. ("Merfe")in the amount of $920,730.38 which was filed as partially secured and partially unsecured. The Trustee has brought an adversary proceeding against Merfe seeking a finding that they are not secured against the membership interest held by the estate in JC&C Investments, LLC ("JC&C"), reducing their total claim by $300,000.00 based upon the value of the equitable lien on a mortgage receivable that has been abandoned by the estate so that Merfe could pursue such collateral. Such abandonment occurred on October 29, 2018 pursuant to the Trustee's Notice of Abandonment [ECF No. 147]. The Trustee reached a settlement with Merfe which is contained within the Agreed Final Judgment entered on April 9, 2019 [ECF No. 18] in Adversary Proceeding No. 18-01443-AJC, which provides in pertinent part, the Debtors shall pay the sum of $407,888.96 to the Trustee for the benefit of the bankruptcy estate within thirty (30) days from the date of this Order Approving the Settlement.

6. Upon full payment of the $407,888.96 to the Trustee, the Debtors shall be deemed the owners of JC&C Investments, LLC, free and clear of any interest of the estate.

7. The substance of the proposed settlement is that $450,000.00 is being paid to the estate as payment for any equity above exemptions within JC&C, as well as to settle any interest within certain scheduled causes of action  The Trustee has obtained an opinion from a real estate broker whom he believes is qualified to provide such a valuation and this amount of money does realistically appear to be a reasonable amount of money to obtain for the estate's membership interest, particularly when various costs of sale are factored in to the equation. In order to administer the estate's interest in JC&C it could be necessary for the Trustee to formally wind up the affairs of the entity, sell off its assets and then distribute the remaining funds to the

estate as its member once this entire process is concluded. There is also an operating assisted living facility within the real property owned by JC&C which itself is owned just by Mr. Morales that could be forced to shut down, with a possible negative impact upon its residents. All of these factors would impact upon the likelihood of successfully monetizing JC&C without significant delay, risk of liability, and resulting administrative expenses that could exceed any amount of money obtained by the estate which is more than the amount being paid. The balance of the matters being settled allow the Trustee to finalize the administration of this case sooner rather than later, and, the Trustee does not attribute anything more than nominal value to the remaining assets included within this settlement, including what has been defined as the Causes of Action held by the estate within the stipulation. It is the Trustee's opinion that the potential administrative expense, delay and risk in pursuing such Causes of Action would not result in any meaningful recovery being obtained, and could actually result in a negative recovery by the estate once all administrative expenses are considered.

8.  As outlined in the Stipulation, the Trustee and the Debtors have reached a settlement for a total of $450,000.00, less credit for funds traceable to rental income in the amount of $40,275.00, less payments to Mr. Morales creditors in the amount of $1,836.04, for a total of $407,888.96 which shall be paid to the Trustee from the Debtors.

9.  This settlement shall specifically resolve any dispute involving monies received and/or collected by the Trustee from the Debtors, third parties, including the Debtors prior collected rent money which was turned over from the DIP account.  It shall also resolve any interest of the estate in the Causes of Action (as defined within the Stipulation) other than the

37372760.1

parties agreement that the $20,000.00 returned to the estate from Richard Sigmeister, Esq. shall remain with the estate.

10. The payment in the amount of four hundred seven thousand eight hundred eighty-eight dollars and 96/100 ($407,888.96) shall be made payable to Soneet R. Kapila, Trustee in Bankruptcy for Juan and Mirtha Morales, and shall be sent to Soneet R. Kapila, Trustee, P. O. Box 14213, Fort Lauderdale, FL 33316 in one lump sum payable within thirty (30) days of entry of the Court's order.

11. Upon payment in full of the $407,888.96 to the bankruptcy estate, the Debtors shall be deemed the owners of JC&C Investments, LLC free and clear of any interest of the estate.

12. In the event of a default hereunder, the Trustee shall be entitled to pursue any and all assets and causes of action, including causes of action settled herein, that the Trustee deems appropriate, and the ownership interest within JC&C Investments, LLC and any other assets of the estate shall remain assets of the estate. Further, any amount of money previously paid shall be retained by the estate as liquidated damages.

13. This stipulation and motion are being notice to all creditors pursuant to Federal Rule of Bankruptcy Procedure 9019.

14. The Trustee believes that this settlement is in the best interest of creditors and the estate. This proposed settlement recognizes the potential risk and expense in litigating the outstanding issues.

15. The legal principles to be applied in evaluating a proposed settlement have been enunciated upon within the Southern District of Florida in ***In re Arrow Air, Inc.***, **85 B.R. 886 (Bkrtcy.S.D.Fla. 1988).** The appropriate test is "whether the compromise falls below the

37372760.1

lowest point in the range of reasonableness". Id. at 891, citing, *In re Teltronics Services, Inc.*, 762 F.2d 185, 189(2nd Cir. 1985); *In re W.T. Grant Company*, 699 F.2d 599, 608(2nd Cir. 1983). The Trustee believes that this settlement agreement complies with the legal principles relied upon within these authorities, as detailed above in the preceding paragraphs. It is the Trustee's position that the Debtors are paying an amount of money equal to the reasonable likely value of JC&C, LLC, that it eliminates the need to litigate over whether certain funds are traceable to assets held solely by Mr. Morales, and even if the Trustee believed there was value in the Causes of Action, the settlement eliminates a need to litigate over whether any portion of the Causes of Action would not be property of the estate.

16. The Eleventh Circuit provides that when a bankruptcy court decides whether to approve or disapprove a settlement, it must consider:

a. the probability of success in the litigation;

b. the difficulties, if any, to be encountered in the matter of collection;

c. the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

d. the paramount interest of the creditors and a proper deference to their reasonable view in the premises.

*In re Justice Oaks II, Ltd*, 898 F.2d 1544 (11th Cir. 1990).

17. The Trustee has evaluated the settlement while considering all of the factors required by the Eleventh Circuit and supports its approval by the Court as being in compliance with the factors, and being within the best interest of creditors and the estate.

WHEREFORE, Soneet R. Kapila, Trustee in Bankruptcy for Juan C. and Mirtha Morales,

37372760.1

respectfully requests that the Court enter an order in the form accompanying this motion approving the Trustee's Motion to Approve Stipulation to Compromise Controversy, plus grant such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all parties on the attached mailing list and all creditors on the court matrix, this the 23rd day of April 2019.

        **GREENSPOON MARDER, LLP**
        /s/Michael R. Bakst

        _____
        MICHAEL R. BAKST, ESQ.
        Attorney for Trustee
        Florida Bar No. 866377
        525 Okeechobee Blvd., Suite 900
        West Palm Beach FL 33401
        Telephone:   (561) 838-4523
        michael.bakst@gmlaw.com

**Electronic Mail Notice List**

- Johanna Armengol    Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov

- Michael R. Bakst    efileu1094@gmlaw.com, ecf.alert+bakst@titlexi.com;efileu1092@gmlaw.com;efileu2170@gmlaw.com;efileu386@gmlaw.com

- Rilyn A Carnahan    rilyn.carnahan@gmlaw.com, efileu1092@gmlaw.com;efileu1089@gmlaw.com;melissa.bird@gmlaw.com;efileu1435@gmlaw.com;efileu1094@gmlaw.com;efileu1093@gmlaw.com;gregory.stolzberg@gmlaw.com;efileu2299@gmlaw.com

- Michael P Dunn    michael.dunn@dunnlawpa.com, rbasnueva@dunnlawpa.com;nnayor@dunnlawpa.com;joel.knee@dunnlawpa.com

37372760.1

- Michael A. Frank    pleadings@bkclawmiami.com, bkcpleadings@gmail.com;frankmr48583@notify.bestcase.com

- Daniel N Gonzalez    dgonzalez@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;dgonzalez@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com

- Soneet Kapila    trustee@kapilaco.com, ecf.alert+Kapila@titlexi.com

- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

- Michael MG Petit    michael@michaelgarciapetitpa.com

- Alexis S Read    alexis.read@dunnlawpa.com, asr@alexisreadlaw.com

- Richard Siegmeister    rspa111@att.net, rspa-ernest@att.net

**Manual Notice List**

Soneet Kapila
c/o Kapila & Company
1000 South Federal Highway
Suite 200
Fort Lauderdale, FL 33316

**All creditors and interested parties on the Court's mailing matrix, a copy attached hereto**

04222019/jdj
29684.0037

37372760.1

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-1<br>Case 16-26663-AJC<br>Southern District of Florida<br>Miami<br>Tue Apr 23 15:41:04 EDT 2019 | MERFE CONSTRUCTION CORP<br>4951 S.W. 132 Avenue<br>Miami, FL 33175-5245 | American Express Bank, FSB<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 |
| American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | Amex<br>Po Box 297871<br>Fort Lauderdale, FL 33329-7871 | (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 |
| Centro Evangelistico Lo Roca, Inc.<br>c/o Pastor David Bonilla Registered Agen<br>9725 S.W. 85 Street<br>Miami, Florida 33173-4050 | Chase Card<br>Po Box 15298<br>Wilmington, DE 19850-5298 | Chase Card Services<br>Po Box 15298<br>Wilmington, DE 19850-5298 |
| Citibank / Sears<br>Po Box 6283<br>Sioux Falls, SD 57117-6283 | Citibank Sears<br>Po Box 6189<br>Sioux Falls, SD 57117-6189 | Citibank/The Home Depot<br>Po Box 6497<br>Sioux Falls, SD 57117-6497 |
| Federal National Mortgage Association<br>7130 Goodlett Farms Parkway<br>Cordova, TN 38016-4991 | Geuilmermo, Perez, Esquire<br>c/o Reiner & Reiner P.A.<br>9100 South Dadeland Blvd., Suite 9100<br>Miami, Florida 33156-7814 | Guilermo Perez, Esquire<br>1900 NW 84 Avenue<br>Doral, Florida 33126-1030 |
| Guillermo Perez, PA<br>1300 NW 84TH AVE<br>Doral, Florida 33126-1500 | Guillermo Perz, PA<br>1300 NW 84TH AVE<br>Doral, Florida 33126-1500 | Jose Raul Peruyera and Glorida Peruyera<br>1105 S.W. 87 avenue<br>Miami, Florida 33174-3210 |
| Josefa Rodriguez<br>4524 S.W. 128 Place<br>Miami, Florida 33175-4614 | Law Office Of Michael Garcia Petit, P.A.<br>14100 Palmetto Lakes Frontage Road, Suit<br>Miami Lakes, Florida 33016-1568 | MERFE CONSTRUCTION CORP.<br>4951 S.W. 132 Avenue<br>Miami, Florida 33175-5245 |
| Margab Investors, Inc.<br>c/o Roberto M. Ureta, Esquire<br>9300 South Dadeland Boulevard, 4 Floor<br>Miami, Florida 33156-2748 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | REGIONS BANK<br>P O BOX 10063<br>BIRMINGHAM AL 35202-0063 |
| Regions Bank<br>c/o Leslie S. Whit, Esquire<br>P.O. Box 3146<br>Orlando, Florida 32802-3146 | Reiner & Reiner PA<br>9100 S Dadeland Blvd Ste 901<br>Miami, Florida 33156-7815 | Reiner & Reiner, PA<br>9100 S Dadelend Blvd Ste 901<br>Miami, Florida 33156-7815 |
| Renato Perez, Esquire<br>Law Offices of Perez & Perez<br>1105 SW 87th Avenue<br>Miami, Florida 33174-3210 | SYNCB/BRMart<br>C/o Po Box 965036<br>Orlando, FL 32896-0001 | Samuel B. Reiner II, Esquire<br>c/o Reiner & Reiner, P.A.<br>9100 South Dadeland Blvd., Suite 901<br>Miami, Florida 33156-7815 |

Sanchez and Son, Inc.
d/b/a Sanchez and Son Investment
501 N.E. 1 AVenue #200
Miami, Florida 33132-1960

Shapiro & Fishman, LLP
2424 North Federal highway, Suite 360
Boca Raton, Flrodia 33431-7701

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk VA 23541-1021


Synchrony Bank/Amazon
Po Box 965015
Orlando, FL 32896-5015

Synchrony Bank/Chevron
Po Box 965015
Orlando, FL 32896-5015

Synchrony Bank/Lowes
Po Box 965005
Orlando, FL 32896-5005


Target
Po Box 673
Minneapolis, MN 55440-0673

Thomas Payne, Esquire
501 NE 1 avenue Ste 200
Miami, Florida 33132-1960

Juan C Morales
680 West 15 Street
Hialeah, FL 33010-2828


Marcia T. Dunn
555 NE 15 St #934-A
 Miami, FL 33132-1465

Michael A. Frank Esq.
10 NW LeJeune Rd #620
Miami, FL 33126-5473

Mirtha Morales
680 West 15 Street
Hieleah, FL 33010-2828


Soneet Kapila
www.kapilatrustee.com
PO Box 14213
Ft Lauderdale, FL 33302-4213

Soneet Kapila
c/o Kapila & Company
1000 South Federal Highway
Suite 200
Fort Lauderdale, FL 33316-1237


              The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
              by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Bank Of America
Po Box 982238
El Paso, TX 79998




              The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Miami

(u)Renato  Perez, Esquire
Law Offices of Perez & Perez

(u)Thimas Payne, Esquire



End of Label Matrix
Mailable recipients    43
Bypassed recipients     3
Total                  46

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No.: 16-26663-AJC
                                                          Chapter 7
JUAN C. AND MIRTHA MORALES,

    Debtors.
_____/

## STIPULATION TO COMPROMISE CONTROVERSY

Soneet R. Kapila, Trustee in Bankruptcy for Juan and Mirtha Morales ("Trustee"), by and through undersigned counsel, and the Debtors, Juan and Mirtha Morales, ("Debtors"), by and through undersigned counsel, hereby stipulate and agree as follows:

## RECITALS

WHEREAS, on December 17, 2016 ("Petition Date"), Juan and Mirtha Morales ("Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code;

WHEREAS, on May 11, 2018, the case converted to a Chapter 7;

WHEREAS, the Debtors' amended schedules filed on June 28, 2018 [ECF No. 102] listed the following causes of action:

"Richard Sigmeister Esq. incurred post-petition attorney fees in the amount of $20,000.00 which he paid to himself without court approval;

Samuel Reiner, Esq. and Reiner & Reiner, PA, Mirtha Morales filed a malpractice lawsuit against Reiner & Reiner, P.A., a Florida Corporation, and Samuel B. Reiner, II, individually in the 11th Circuit Court for Miami-Dade county.

Regions Bank

MERFE Construction Corp post-petition lawsuit filed" ("Causes of Action")

WHEREAS, counsel for the Trustee conducted a Rule 2004 Examination of the Debtors on July 25, 2018. The Trustee has reviewed the testimony and the various records of the Debtors. The

Trustee has reviewed records relating to JC&C ALF, LLC's ("ALF") ownership interest in the LLC, and the records relating to JC&C Investments, LLC ("JC&C"), as well as documents of the Debtors. The parties have disputed the disposition of or best means to administer the ownership interest in JC&C, which this stipulation is intended to resolve, among other matters in the case.

WHEREAS, Mirtha Morales is the sole owner of JC&C, which became property of the estate upon the bankruptcy filing. Certain disputes have arisen between the parties as to the ability of the Trustee to administer such entity or otherwise pursue possible claims against such entity. The Debtors seek to purchase back from the estate the estate's ownership interest in JC&C. This settlement is also intended to resolve any dispute involving monies received and/or collected by the Trustee from the Debtors, third parties and which was turned over from the Debtor in Possession bank account ("DIP account");

WHEREAS, the settlement is intended to provide credit towards the funds received from the DIP account and funds attributable to post-petition rent collected. Funds attributable to the Debtor husband's soley owed total claims would be paid from such funds attributable to property owned solely by him.

NOW THEREFORE, as a settlement between the parties to resolve the disputes and issues referenced above, the Trustee and the Debtors hereby agree as follows:

1. The parties have reached a settlement for a total of $450,000.00, less credit for funds traceable to rental income in the amount of $40,275.00, less payments to Mr. Morales creditors in the amount of $1,836.04, for a total of $407,888.96 which shall be paid to the Trustee from the Debtors.

2. The settlement shall specifically resolve any dispute involving monies received and/or collected by the Trustee from the Debtors, third parties, including the Debtors prior collected rent money which was turned over from the DIP account. It shall also resolve any interest of the estate in

the Causes of Action, other than the parties agree that the $20,000.00 returned to the estate from Richard Sigmeister, Esq. shall remain with the estate. In entering into such settlement, the Debtors represent that they have disclosed all assets held by them as well as transferred by them within the four years prior to the bankruptcy filing, upon which the Trustee relies in entering into this settlement.

3. The payment in the amount of $407,888.96 shall be made payable to Soneet R. Kapila, Trustee in Bankruptcy for Juan and Mirtha Morales, and shall be sent to Soneet R. Kapila, Trustee, P. O. Box 14213, Fort Lauderdale, FL 33316 in one lump sum payable within thirty (30) days of the Court's order approving this settlement.

4. The Debtors will not be deemed the owners of JC&C Investment, LLC free and clear from the estate unless and until all payments are made in full. Upon payment of the settlement amount in full, the Debtors shall be deemed the owners of JC&C Investments, LLC free and clear of any interest of the estate.

5. In the event of default, the Trustee shall be entitled to pursue any and all assets and causes of action, including causes of action settled herein, that the Trustee deems appropriate. Further, the ownership interest within JC&C Investments, LLC shall remain as an estate asset, as will any other assets of the estate remain with the estate.

## NO OTHER AGREEMENTS; MODIFICATION

6. This agreement contains the entire understanding and agreement of the parties, and there are no prior or contemporaneous promises, representations, agreements, warranties, or undertakings by either party to the other, either oral or written of any character or nature, except as set forth in this agreement. This agreement may be altered, amended, or modified only by an instrument in writing, executed and acknowledged by the parties to this agreement, with the same formality as this agreement, and by no other means. Each party waives any right to claim that this

agreement was modified, canceled, superseded, or changed by an oral agreement, course of conduct, or estoppel.

7. Each of the parties understands and agrees that this is a compromise of disputed claims made in order to avoid the significant costs and uncertainties of litigation and that the promises made in consideration of this Stipulation shall not be construed to be an admission of any liability of facts whatsoever by any party. By executing this Stipulation, the parties expressly deny any liability or fault related to his dispute.

### APPLICABLE LAW

8. All matters affecting the execution, interpretation, validity, and enforceability of this agreement shall be subject to, and interpreted under Federal Bankruptcy Law, as well as the laws of the State of Florida to whatever extent Bankruptcy Law relies upon state law.

### NO PRESUMPTIONS ARISING FROM DRAFTING

9. The fact that any draft of this agreement was prepared by counsel for one of the parties shall create no presumptions, and specifically, shall not cause any ambiguities to be construed against that party. The parties acknowledge that each has contributed toward the drafting of this agreement, and that this agreement is the result of negotiations between the parties.

### WAIVERS

10. The failure of either party at any time to require the performance of the other of any of the terms, provisions, or conditions hereof shall in no way affect the right thereafter to enforce the same, nor shall the waiver by either party of the breach of any of the terms, provisions, and conditions hereof, be construed or be deemed a waiver of any succeeding breach of any term, provision, or condition hereof.

### ADDITIONAL ACKNOWLEDGEMENTS AND UNDERSTANDINGS

11. The parties acknowledge that each fully understands all of the terms and obligations of this agreement, and each believes the same to be fair, just, equitable, reasonable, fully acceptable, and not unconscionable.

12. The parties enter into this agreement freely and voluntarily. Neither party has been the subject of any duress, undue influence, fraud, or coercion in entering into this agreement.

13. All parties to this agreement acknowledge that they have had the benefit and assistance of the representation of his own separate and independent attorneys to advise them of his rights and obligations under this agreement, or they knowingly and voluntarily waived that right, and they are also aware of what his rights would be in the absence of this agreement.

14. This agreement shall be binding upon and inure to the benefit of the heirs and successors of the respective parties.

15. This settlement agreement may be executed in two or more counterparts, including facsimile and/or scanned counterparts, none of which need contain signatures of all of the parties hereto, each of which will constitute an original, and all of which, taken together, shall constitute one and the same agreement.

16. The date of this agreement is the date on which the last of the parties executes a copy of the agreement.

## CAPTIONS

17. The captions of the various paragraphs in this agreement are for convenience only, and none of them is intended to be any part of the text of this agreement, or intended to be referred to in construing any provision of it.

## INCORPORATION OF RECITALS

18. The recitals to this agreement are incorporated into this agreement and accepted and

agreed to by all parties as though fully set forth in the body of this agreement. The fact that a particular provision of the body of this agreement is not mentioned in the recitals shall not affect the validity or enforceability of such provision. The facts stated in the recitals shall conclusively be presumed to be true for all purposes between the parties and any other party bound by this agreement.

## NOTICES

19. Any notices required by this agreement must be given either in writing by U.S. Mail, certified/return receipt requested, express mail service, or email to the parties as follows:

>To the Trustee:
>Michael R. Bakst, Esq.
>Greenspoon Marder, P.A.
>CityPlace Tower
>525 Okeechobee Blvd., Suite 900
>West Palm Beach FL 33401
>michael.bakst@gmlaw.com
>
>To the Debtors:
>Michael A. Frank
>10 NW LeJeune Road, #620
>Miami, FL 33126
>Telephone: (305) 443-4217
>pleadings@bkclawmiami.com

20. The parties to this stipulation understand that it must be noticed to all creditors and must be approved by the Court, and the Trustee will provide such notices. In the event that it is not approved by the Court it shall be deemed null and void.

21. The parties agree to the Bankruptcy Court retaining jurisdiction over them and over the cause for the purpose of enforcing, approving, and ratifying this agreement.

22. Each party signing this Stipulation, and any other documents executed in connection with this Stipulation, whether signed individually or on behalf of any person or entity, warrants and

represents that he or she has full authority to so execute this Stipulation on behalf of the parties on whose behalf he or she so signs. Each party signing this Stipulation separately acknowledges and represents that this representation and warranty is an essential and material provision of this Stipulation and shall survive execution of this Stipulation.

23. Facsimile signatures and/or scanned signatures shall be acceptable for filing with the Court and for purposes of enforcing, approving and ratifying this agreement.

IN WITNESS WHEREOF, the parties hereto have set his hands and seals to this settlement agreement on the dates specified below.

*[signature]*
MICHAEL A. FRANK, ESQ.
Attorney for Debtors
10 NW LeJeune Rd, #620
Miami, FL 33126
(305) 443-4217
Florida Bar No.: 339075

Dated:_____

*[signature]*
JUAN CARLOS MORALES
Dated: 4/18/19

*[signature]*
MIRTHA MORALES
Dated: 4/18/19

12182018/jdj
29684.0037

GREENSPOON MARDER LLP

*[signature]*
MICHAEL R. BAKST, ESQ.
Attorney for Trustee
CityPlace Tower
West Palm Beach FL 33401
(561) 838-4523
Florida Bar No.: 866377
Dated: 4/22/19