UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami-Dade DIVISION
www.flsb.uscourts.gov

In re:

                                     Case No. 16-26663-AJC

JUAN C. AND MIRTHA MORALES,

                                     Chapter 7

    Debtors.

_____/

**MERFE CONSTRUCTION, CORP.'S A/K/A MERFE CONSTRUCTION, INC.'S (I) RESPONSE TO DEBTORS' MOTION TO PROHIBIT THE CHAPTER 7 TRUSTEE FROM DISBURSING SETTLEMENT PROCEEDS TO CREDITORS; AND, (II) REQUEST FOR ATTORNEYS' FEES & COSTS**

    Merfe Construction, Corp. a/k/a Merfe Construction, Inc. (*"Merfe"*), by and through its undersigned counsel and pursuant to 11 U.S.C. §105, files its Response (the *"Response"*) to Mirtha Morales' (*"Mrs. Morales"*) and Juan Morales (*"Mr. Morales,"* and collectively with Mrs. Morales, the *"Debtors"*) Motion to Prohibit the Chapter 7 Trustee from Disbursing Settlement Proceeds to Creditors (the *"Motion"*) [ECF No. 204].  In support of its Response, Merfe states as follows:

**<u>PRELIMINARY STATEMENT</u>**

    The Debtors (as defined below), whose discharge has already been denied by this Court, and in yet another attempt to harass and create leverage against Merfe, have filed the instant Motion to prohibit the Trustee (as defined below) from making distributions to Merfe on its allowed proof of claim despite: the Debtors' failure to object to Merfe's filed proof of claim; the Debtors' representation to the Court and Merfe that settlement funds they paid to the estate will be used to pay Merfe's allowed unsecured claim; and, the Debtor's failure to object to the settlement between the Trustee and Merfe that allowed Merfe's proof of claim.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

By way of background, Merfe brought a foreclosure case against Mrs. Morales in state court in 2008 (the **"State Court Foreclosure Litigation"**).  In 2009, Merfe obtained a foreclosure judgment against Mrs. Morales (the **"Foreclosure Judgment"**), and in 2011, obtained a deficiency judgment against her in the amount of $460,477.58 (the **"Deficiency Judgment"**).  Through proceedings supplementary in the State Court Foreclosure Litigation, Merfe obtained an equitable lien on a mortgage owned by Mrs. Morales (the **"Equitable Lien"**), and was in the process of obtaining a charging order on Mrs. Morales 100% interest in JC&C Investments, LLC (**"JC&C"**),[1] but the day before the hearing on the motion to grant Merfe its' charging order, the Debtors filed the instant bankruptcy case.

Post-petition, Mrs. Morales filed a motion in the State Court Foreclosure Litigation to vacate the Deficiency Judgment and for relief from the Foreclosure Judgment, both of which were denied.  Then, Mrs. Morales appealed the state court's order, which order was affirmed by the Third District Court of Appeals.  Now, and in her latest tactic to frustrate and harass Merfe, Mrs. Morales has filed suit against Merfe in the state court seeking to set aside Merfe's Foreclosure and Deficiency Judgments as a fraud on the court, and in the complaint, alleging that the note and mortgage that formed the basis for Merfe's Foreclosure Judgment were forged, and that her counsel, Samuel Reiner of Reiner & Reiner, P.A., committed malpractice while representing her in the Foreclosure Case (the **"New Case"**).

For the reasons that follow, this Court should deny the Debtors' Motion and award Merfe its attorneys' fees and costs for having to defend the Motion.

---

[1] While not relevant, the Court should be aware that prepetition Mrs. Morales fraudulently transferred her 100% interest in JC&C to her husband, Mr. Morales, in an effort to shield here 100% interest in JC&C from Merfe.  However, Merfe had the fraudulent transfer avoided and set aside in the state court.

I.      **JURISDICTION AND PROCEDURAL HISTORY**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C §§ 1334 and is a "core" proceeding under 28 U.S.C. § 157(b)(2)(G).

2.      On December 17, 2016 (the **"*Petition Date*"**), the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  *See* [ECF No. 1].

3.      On May 11, 2018, the case was converted to a Chapter 7 bankruptcy and Soneet R. Kapila was appointed Chapter 7 trustee (the **"*Trustee*"**).  *See* [ECF No. 68].

4.      On June 4, 2018, Merfe filed amended proof of claim no. 6-2 (the **"*Claim*"**) in the amount of $920,730.38, of which $360,000.00 was claimed as secured and $560,730.38 as unsecured.

5.      On October 31, 2018, the Trustee filed an adversary proceeding against Merfe, case no. 18-01433, seeking to set aside, avoid, and recover the transfer of any lien upon the Debtor's ownership interest in JC&C, amongst other things (the **"*Merfe Adversary*"**).  The Trustee, through the Merfe Adversary, also objected to Merfe's Claim as being secured.

6.      On March 12, 2019, the Trustee filed a Motion to Approve Stipulation to Compromise Controversy (the **"*Merfe Settlement Motion*"**) to resolve and settle the Merfe Adversary in full (the **"*Merfe Settlement*"**).  *See* ECF No. 178.

7.      Generally, the Merfe Settlement provides that: Merfe is allowed a priority unsecured claim in the amount of $40,000 (the **"*Priority Claim*"**); the secured portion of Merfe's Claim is disallowed and will be treated as a general unsecured claim, and that Merfe's Claim is allowed as a general unsecured claim; and, the Trustee is not precluded from seeking a reduction of Merfe's Claim (not including the Priority Claim) if Merfe receives any monies from its Equitable Lien, without prejudice to any defenses or objections that Merfe may assert.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

8.      The Merfe Settlement Motion was filed on negative notice pursuant to Local Rule 9013-1(D), and included the necessary bolded preamble on the first page advising all interested parties to file any responses/objections to the Merfe Settlement Motion within 21-days – i.e.  April 2, 2019. No party, including the Debtors, objected to the Merfe Settlement Motion.

9.      Accordingly, on April 3, 2019, this Court granted the Merfe Settlement Motion (and therefore approved the terms of the Merfe Settlement) in its entirety.  *See* ECF No. 179.

10.     Thereafter, on April 23, 2019, the Trustee filed his Emergency Motion to Approve Stipulation to Compromise Controversy Expedited Hearing Requested (the ***"Debtors' Settlement Motion"***)[ECF No. 190].  The Debtors' Settlement Motion sought Court approval of the settlement reached between the Trustee and Debtors, which provided, in part, that the Debtors' would pay the Trustee $450,000 for Ms. Morales 100% ownership interest in JC&C (the ***"Debtors' Settlement"***). *Id*.

11.     Also on April 23, 2019, the Debtors' filed their Emergency Motion to Allow Financing of Real Property (the ***"Financing Motion"***)[ECF No. 189].  Through their Financing Motion, the Debtors' sought Court approval (with the Trustee's agreement) to obtain financing on the JC&C Property to pay the $450,000 due the Trustee (the ***"Financing"***) under the Debtors' Settlement.  Notably, the Debtors represented in the Financing Motion that "[t]here are two creditors in this case, Regions Bank and [Merfe], who will be paid from the proceeds of this financing."  *See* Financing Motion at ¶ 4.

12.     Based primarily on the Debtors' representation that Merfe's Claim would be paid from the proceeds of the Financing, Merfe did not object to the Debtors' Financing Motion.

13.     On May 6, 2019, the Court approved both the Debtors' Settlement Motion and Financing Motion.  *See* ECF No.'s 198 and 199.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

14.     On May 29, 2019 (almost two months after the deadline to object to the Merfe Settlement Motion and the entry of the Court's order approving the Financing Motion), the Debtors' filed their one-page Motion seeking to prohibit the Trustee from making any distributions to Merfe (and Regions Bank) from the Financing.  *See* ECF No. 204.

15.     Notably, the Debtors never objected to Merfe's Claim.

## II.     THE COURT SHOULD DENY THE DEBTORS' MOTION

Through their Motion, the Debtors seek an order from this Court directing the Trustee "to hold all proceeds from the [Debtors' Settlement] until the [New Case] has concluded, which will determine whether the co-debtor owes any money to the two creditors that have filed claims, i.e. Merfe and Regions Bank."  *See* Motion at ¶3. Frankly, Merfe does not understand the Debtors' basis for the Motion because Mr. Morales (presumably, Mr. Morales is  the "co-debtor" referred to in the Motion) is not an owner of JC&C nor is he a creditor of Merfe.  Rather, Mrs. Morales is the 100% owner of JC&C, and Merfe is only a creditor of Mrs. Morales. Therefore, the basis for the Debtors' Motion makes no sense.  Regardless, the Debtors' Motion must be denied for other reasons.

As discussed in the preceding section, the Trustee reviewed Merfe's Claim and decided to settle it. Importantly, the Trustee's Settlement Motion deemed Merfe's Claim allowed as a general unsecured claim under 11 U.S.C. § 502, and provided only the Trustee the ability from seeking a reduction of Merfe's Claim to the extent Merfe receives a distribution on its Equitable Lien. *See In re Bird*, 565 B.R. 382, 389 (Bankr. S.D. Tex. 2017)(a creditor in a Chapter 7 case who has an allowed unsecured claim is entitled to receive distributions from the trustee on that claim pursuant to 11 U.S.C.A § 726(a)(2)). The Debtors did not object, nor did they seek permission from this Court, to act on behalf of the Trustee to object to Merfe's Claim.  Accordingly, because the Debtors

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

did not (and no longer can) object to Merfe's Claim, it is deemed allowed, and therefore the Trustee cannot be prohibited from making any distributions on Merfe's Claim. *See* 11 U.S.C. §502(a).

Furthermore, pursuant to Local Rule 9013-1(D)(2), a party properly served with a motion who fails to file a written response within twenty-one (21) days after service of the motion shall be deemed to have consented to the entry of the order. *See* S.D. Fla. L.R. 9013-1(D)(2). Here, the Merfe Settlement Motion was served on all parties, including the Debtors, in accordance with Bankruptcy Rule 2002. Because no objections to the Merfe Settlement Motion were filed, the Court entered its order granting the Merfe Settlement Motion on April 3, 2019. It was not until May 29, 2019, that the Debtors filed their Motion. Accordingly, because the Debtors' filed their Motion far beyond the 21-day period to object to the Merfe Settlement Motion and the entry of the Court's order approving the Merfe Settlement, the Debtors are deemed to have consented to the entry of the order. *See* S.D. Fla. L.R. 9013-1(D)(2).

In addition, because the  Merfe's Settlement Motion is approved, then any argument advanced by the Debtors concerning their ability to prohibit the disbursement of settlement proceeds is moot because the Merfe Settlement Agreement is binding on the Debtors. *See In re Tri-State Ethanol Co., LLC*, 370 B.R. 222, 235 (Bankr. D.S.D. 2007)("[a] court approved settlement of a claim is binding on all parties to the case. This is a fundamental and necessary component to the bankruptcy process . . ."). Here, the Debtors' Motion is end around the Court's order approving the Merfe Settlement Motion.  In short, if the Debtors had an objection to the Merfe Settlement Motion, they should have raised it timely and before the Court entered its Order approving the Merfe Settlement Motion.

Finally, the Debtors' representations in their Financing Motion to the Court and Merfe that the funds from the refinancing of the JC&C Property will be used to pay Merfe's Claim (as well

as Regions Bank) judicially estops them from making any objections to Merfe's Claim.  *See Zander v. U.S.*, 547 U.S. 489, 504 (2006)("[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who acquiesced in the position formerly taken by him").  Indeed, Merfe relied on the Debtors' express representation and would have objected to the Debtors' Financing Motion but for the Debtors' express representation in their Financing Motion regarding the use of the financing proceeds to pay Merfe's Claim.  The Debtor cannot come before the Court now and argue a completely contrary position.

For the foregoing reasons, the Court should deny the Debtors' Motion and award Merfe its attorneys' fees and costs for responding to the Debtors' bad faith Motion and attending the hearing thereon.

WHEREFORE, Merfe Construction, Inc., respectfully requests that this Court enter an order denying the Debtors' Motion, granting Merfe its attorneys' fees and costs for having to defend the Motion, and for any and all further relief this Court deems fair and equitable.

<div align="center">REMAINDER OF PAGE LEFT INTENTIONALLY BLANK</div>

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on July 11, 2019, a true and correct copy of the foregoing was

served via the Court's Notice of Electronic Filing on those parties listed on <u>Exhibit 1</u> and via U.S.

Mail upon the parties listed on the Manual Notice List.

<div style="margin-left:40%;">

<u>s/ Daniel N. Gonzalez</u>
Daniel N. Gonzalez, Esquire
Florida Bar No. 0592749
dgonzalez@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
200 South Biscayne Blvd., Ste. 3200
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Merfe Construction, Inc.*

</div>

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

## EXHIBIT 1

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Johanna Armengol     Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
- Michael R. Bakst     efileu1094@gmlaw.com, ecf.alert+bakst@titlexi.com;efileu1092@gmlaw.com;efileu2170@gmlaw.com;efileu386 @gmlaw.com
- Rilyn A Carnahan     rilyn.carnahan@gmlaw.com, efileu1092@gmlaw.com;efileu1089@gmlaw.com;melissa.bird@gmlaw.com;efileu1435 @gmlaw.com;efileu1094@gmlaw.com;efileu1093@gmlaw.com;gregory.stolzberg@gml aw.com;efileu2299@gmlaw.com
- Michael P Dunn     michael.dunn@dunnlawpa.com, rbasnueva@dunnlawpa.com;nnayor@dunnlawpa.com;joel.knee@dunnlawpa.com
- Michael A. Frank     pleadings@bkclawmiami.com, bkcpleadings@gmail.com;frankmr48583@notify.bestcase.com
- Daniel N Gonzalez     dgonzalez@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;dgonzalez@ecf.courtdrive.com;lt annenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- Soneet Kapila     trustee@kapilaco.com, ecf.alert+Kapila@titlexi.com
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
- Michael MG Petit     michael@michaelgarciapetitpa.com
- Alexis S Read     alexis.read@dunnlawpa.com, asr@alexisreadlaw.com
- Richard Siegmeister     rspa111@att.net, rspa-ernest@att.net

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

Soneet Kapila
c/o Kapila & Company
1000 South Federal Highway
Suite 200
Fort Lauderdale, FL 33316