UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami-Dade DIVISION
www.flsb.uscourts.gov

In re:

JUAN C. AND MIRTHA MORALES,

     Debtors.

_____/

Case No. 16-26663-AJC

Chapter 7

**MERFE CONSTRUCTION, CORP.'S A/K/A MERFE CONSTRUCTION, INC.'S MOTION (I) TO ENFORCE COURT'S ORDER APPROVING STIPULATION TO COMPROMISE CONTROVERSY DEEMING MERFE'S PROOF OF CLAIM CLAIM ALLOWED; AND (II) TO DIRECT MIRTHA MORALES TO DISMISS PENDING STATE COURT CASES**

Merfe Construction, Corp. a/k/a Merfe Construction, Inc. (***"Merfe"***), by and through its undersigned counsel and pursuant to 11 U.S.C. §105, files its Motion (I) to Enforce Court's Order Approving Stipulation to Compromise Controversy Deeming Merfe's Proof of Claim Allowed; and (II) to Direct Mirtha Morales to Dismiss Pending State Court Cases (the ***"Motion"***). In support, Merfe states as follows:

**INTRODUCTION**

Despite this Court's order allowing Merfe's Proof of Claim (as defined below), Mirtha Morales (the ***"Debtor"*** and/or ***"Ms. Morales"***) has continued to litigate a cause of action against Merfe in Miami-Dade County state court (the ***"State Court"***) seeking to effectively disallow Merfe's Proof of Claim. Unbelievably, Mrs. Morales's argument is that even though Merfe's Proof of Claim is valid and allowed per order of this Court, the State Court should nevertheless order that any distributions from this bankruptcy estate to Merfe on its allowed Proof of Claim be escrowed until the State Court rules on her pending complaint against Merfe for extrinsic fraud –

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363

which complaint seeks to void the judgment that is the basis of Merfe's allowed Proof of Claim. Because the State Court recently denied Ms. Morales motion in which she sought to escrow Merfe's distributions on its allowed Court ordered Proof of Claim, Ms. Morales filed an appeal with the Third District Court of Appeal. Indeed, the madness created by Mrs. Morales in the State Court needs to stop.

By way of background, Merfe brought a foreclosure case against Mrs. Morales in State Court in 2008 (the **"Foreclosure Case"**). In 2009, Merfe obtained a foreclosure judgment against Mrs. Morales (the **"Foreclosure Judgment"**), and in 2011, obtained a deficiency judgment against her in the amount of $460,477.58 (the **"Deficiency Judgment"**). Through proceedings supplementary in the Foreclosure Case, Merfe obtained an equitable lien on a mortgage owned by Mrs. Morales (the **"Equitable Lien"**), and was in the process of obtaining a charging order on Mrs. Morales 100% interest in JC&C Investments, LLC (**"JC&C"**),[1] but the day before the hearing on the motion to grant Merfe its' charging order, Mrs. Morales, along with her husband (and collectively with Mrs. Morales, the **"Debtors"**), filed the instant bankruptcy case.

Post-petition, on December 28, 2017, Mrs. Morales filed in the Foreclosure Case her Motion to Vacate "Final Deficiency Judgment Against Defendant Mirtha Morales" and All Subsequent Proceedings as Void for Lack of Subject Matter Jurisdiction and Motion for Relief from the Final Judgment of Foreclosure Under Rule 1.540(b)(5)(the **"Motion to Vacate"**), which was denied. Then, Mrs. Morales appealed the State Court's order denying the Motion to Vacate, which order was affirmed by the Third District Court of Appeal. Now, and despite this Court's order allowing Merfe's Proof of Claim, Ms. Morales has filed an appeal (the **"Appeal"**) in the

---

[1] While not relevant, the Court should be aware that prepetition Mrs. Morales fraudulently transferred her 100% interest in JC&C to her husband, Mr. Morales, in an effort to shield here 100% interest in JC&C from Merfe. However, Merfe had the fraudulent transfer avoided and set aside in the state court.

Foreclosure Case of the State Court's order dated November 26, 2019, denying her request to escrow any distributions on Merfe's allowed Proof of Claim based on a March 18, 2019 order entered by the State Court in the Foreclosure Case that provided Merfe "shall not proceed with collection efforts until final order is entered."

Moreover, on January 6, 2018, and in another attempt to take a third bite of the apple, Mrs. Morales concocted a new theory to void Merfe's Deficiency Judgment – this time filing suit against Merfe in State Court seeking to set aside Merfe's Foreclosure and Deficiency Judgments as a fraud on the court "that is extrinsic in nature," and in her complaint, alleging that the note and mortgage that formed the basis for Merfe's Foreclosure Judgment were forged by her brother; and, that her counsel, Samuel Reiner of Reiner & Reiner, P.A., committed malpractice while representing her in the Foreclosure Case (the ***"Fraud Case"***).   Notably, Ms. Morales does not allege any wrongdoing against Merfe in the Fraud Case.

Thereafter, on October 31, 2018, Soneet Kapila, as the Chapter 7 trustee (the ***"Trustee"***) of Ms. Morales's bankruptcy estate, filed an adversary complaint against Merfe objecting to Merfe's Proof of Claim.  On April 3, 2019, this Court approved a settlement between the Trustee and Merfe, which settlement allowed Merfe's Proof of Claim and resolved the adversary case. Notably, Ms. Morales did not object Merfe's Proof of Claim nor the settlement allowing it – despite her pending Fraud Case in the state court.

In short, this Court's order allowing Merfe's Proof of Claim is a final order. Moreover, Mrs. Morales's continued litigation against Merfe in the State Court is an abuse of process, that needs to be stopped.  Not only is Mrs. Morales requiring Merfe to expend additional expenses on fees and costs, but she is impacting the judicial economy of both this Court and the State Court.  It is undisputed that Ms. Morales did not object to the Trustee's settlement with Merfe allowing

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

Merfe's Proof of Claim, nor did she object to Merfe's Proof of Claim herself.  To make matters worse, Ms. Morales represented to the Court and Merfe in a financing motion she filed that Merfe's Proof of Claim would be paid from the proceeds of the financing.  Despite the foregoing, she continues to pursue her Appeal and endlessly litigate her Fraud Case despite her bankruptcy case and this Court's order allowing Merfe's Proof of Claim.

For the reasons that follow, this Court should grant the instant Motion and enforce its final order allowing Merfe's Proof of Claim, and order Mrs. Morales to dismiss the Appeal and the Pending Case because Merfe's Proof of Claim has been allowed.

## I.    JURISDICTION AND CHRONOLOGICAL FACTUAL HISTORY

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C §§ 1334 and is a "core" proceeding under 28 U.S.C. § 157(b)(2)(G).

2.    On December 17, 2016 (the **"Petition Date"**), the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  *See* [ECF No. 1].

3.    On December 28, 2017, Mrs. Morales filed her Motion to Vacate in the Foreclosure Case seeking to vacate Merfe's Deficiency Judgment and for relief from the Foreclosure Judgment, which was denied.  As a result, Mrs. Morales appealed the State Court's order denying her Motion to Vacate, which order was affirmed by the Third District Court of Appeals.

4.    On January 6, 2018, Mrs. Morales filed her Fraud Case against Merfe in the State Court, Case No. 18-39738-CA-01.

5.    On May 11, 2018, Mrs. Morales's Chapter 11 case was converted to a Chapter 7 bankruptcy and Soneet R. Kapila was appointed Chapter 7 trustee (the ***"Trustee"***).  *See* ECF No. 68.

6.      On June 4, 2018, Merfe filed amended proof of claim no. 6-2 (the **"*Proof of Claim*"**) in the amount of $920,730.38, of which $360,000.00 was claimed as secured and $560,730.38 as unsecured.

7.      On October 31, 2018, the Trustee filed an adversary proceeding against Merfe, adversary case no. 18-01433, seeking to set aside, avoid, and recover the transfer of any lien upon the Debtor's ownership interest in JC&C, amongst other things (the **"*Merfe Adversary*"**).  The Trustee, through the Merfe Adversary, also objected to Merfe's Proof of Claim based on it being filed as secured.

### The Trustee Settles His Adversary Case Against Merfe and Merfe's Proof of Claim is Allowed Without Objection from Mrs. Morales

8.      On March 12, 2019, the Trustee filed a Motion to Approve Stipulation to Compromise Controversy (the **"*Merfe Settlement Motion*"**) to resolve and settle the Merfe Adversary in full (the **"*Merfe Settlement*"**).  *See* ECF No. 178.

9.      Generally, the Merfe Settlement provides that: Merfe is allowed a priority unsecured claim in the amount of $40,000 (the **"*Priority Claim*"**); the secured portion of Merfe's Proof Claim is disallowed and will be treated as a general unsecured claim, and that Merfe's Proof of Claim is allowed as a general unsecured claim; and, the Trustee is not precluded from seeking a reduction of Merfe's Proof of Claim (not including the Priority Claim) if Merfe receives any monies from its Equitable Lien, without prejudice to any defenses or objections that Merfe may assert.

10.      The Merfe Settlement Motion was filed on negative notice pursuant to Local Rule 9013-1(D), and included the necessary bolded preamble on the first page advising all interested parties to file any responses/objections to the Merfe Settlement Motion within 21-days.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

11.　　Accordingly, on April 3, 2019, this Court granted the Merfe Settlement Motion by way of its Order Approving Stipulation to Compromise Controversy (the ***"Settlement Order"***). *See* ECF No. 179.

12.　　No party, including Mrs. Morales, objected to the Merfe Settlement Motion or appealed the Settlement Order allowing Merfe's Proof of Claim.

13.　　By approving the Merfe Settlement Motion, the Court's Settlement Order allows Merfe's Proof of Claim.

### The Debtors Settle with the Trustee and Represent to the Court that Merfe's Proof of Claim Will Be Paid

14.　　Thereafter, on April 23, 2019, the Trustee filed his Emergency Motion to Approve Stipulation to Compromise Controversy Expedited Hearing Requested (the ***"Debtors' Settlement Motion"***)[ECF No. 190].

15.　　The Debtors' Settlement Motion sought Court approval of the settlement reached between the Trustee and Debtors, which provided, in part, that the Debtors' would pay the Trustee $450,000 for Ms. Morales 100% ownership interest in JC&C (the ***"Debtors' Settlement"***). *Id*.

16.　　Also on April 23, 2019, the Debtors' filed their Emergency Motion to Allow Financing of Real Property (the ***"Financing Motion"***)[ECF No. 189]. Through their Financing Motion, the Debtors' sought Court approval (with the Trustee's agreement) to obtain financing on the real property owned by JC&C to pay the $450,000 due the Trustee (the ***"Financing"***) under the Debtors' Settlement. Notably, the Debtors represented in the Financing Motion that "[t]here are two creditors in this case, Regions Bank and [Merfe], who will be paid from the proceeds of this financing" (the ***"Payment Representation"***). *See* Financing Motion at ¶ 4.

17.     Based primarily on the Debtors' Payment Representation that Merfe's Proof of Claim would be paid from the proceeds of the Financing, Merfe did not object to the Debtors' Settlement Motion nor the Financing Motion.

18.     On May 6, 2019, the Court approved both the Debtors' Settlement Motion and Financing Motion.  *See* ECF No.'s 198 and 199.

### The Debtors Subsequently Try to Prohibit Distributions to Merfe Despite Merfe's Allowed Proof of Claim and the Debtors' Payment Representation

19.     On May 29, 2019 (almost two months after the deadline to object to the Merfe Settlement Motion and the entry of the Court's order approving the Financing Motion), the Debtors' filed a one-page Motion seeking to prohibit the Trustee from making any distributions to Merfe (and Regions Bank) from the Financing (the *"Motion to Prohibit Distributions"*).  *See* ECF No. 204.

20.     On July 16, 2018, the Court heard the Debtor's Motion to Prohibit Distributions, which it denied via its Order Denying Debtor's Motion to Prohibit the Chapter 7 Trustee from Disbursing Settlement Proceeds to Creditors (the *"Distribution Order"*).  *See* ECF No. 214.

21.     The Distribution Order provided that the Debtors could file a motion for reconsideration of the Court's Distribution Order within 21 days of its entry, failing which the Trustee could "proceed to make distributions to allowed claim holders in this case in the normal course."  *See* Distribution Order at ¶ 2.

22.     The Debtors never filed a motion for reconsideration of the Court's Distribution Order.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

### Mrs. Morales Appeals Another Order Entered
### by the State Court in the Foreclosure Case

23.     On November 26, 2019, Ms. Morales filed an appeal, Case No. 3D19-2501 (the

*"Appeal"*), of an order entered in the Foreclosure Case denying her request that the State Court

enter an order requiring Merfe to escrow any distributions Merfe's receives from the Trustee based

on Merfe's allowed Proof of Claim.  The Appeal is pending.

## II.     RELIEF REQUESTED

Based on the foregoing, the Court should grant the instant Motion because it has already

ruled that Merfe's Proof of Claim is allowed via its Settlement Order, which is now a final order.

Mrs. Morales, through her Fraud Case and Appeal, is effectively seeking to disallow Merfe's Proof

of Claim by challenging the basis of Merfe's Proof of Claim – namely, the Final Deficiency

Judgment entered by the State Court in the Foreclosure Case.  Accordingly, the Court should rule

that Mrs. Morales cannot proceed with her Fraud Case and Appeal because both are challenging

Merfe's allowed Proof of Claim and the legitimacy and enforceability of the Court's final

Settlement Order.  In addition, the Court should order Mrs. Morales to dismiss the Appeal and the

Fraud Case as an abuse of process, pursuant to 11 U.S.C. §105(a), in order to give effect to the

Court's Settlement Order and the Debtors' Payment Representation.

### The Settlement Order Determines Merfe's Proof of Claim
### and Therefore is a Final Order

As discussed above, the Trustee reviewed Merfe's Proof of Claim and decided to settle it.

Importantly, the Trustee's Settlement Motion deemed Merfe's Proof Claim allowed as a general

unsecured claim under 11 U.S.C. § 502.  Mrs. Morales did not object to the Settlement Motion,

did not appeal the Settlement Order, nor filed an objection to Merfe's Proof of Claim – despite the

fact that Mrs. Morales's Fraud Case was already pending at the time of the Merfe Settlement.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

To be sure, the Court's Settlement Order allowing Merfe's Proof of Claim is a final order because it determines a creditor's claim or priority. *See In re IBI Sec. Serv., Inc.*, 174 B.R. 664, 668 (E.D.N.Y. 1994)("...an order of the bankruptcy court may be immediately appealed if it disposes of a discrete dispute within the larger case, such as a determination of a creditor's claim or priority.); *see also In re Johns-Manville Corp.*, 824 F. 2d 176, 179 (2d Cir. 1987)("a final judgment, order, or decree under 28 U.S.C. § 1293(b) includes an order that conclusively determines a separable dispute over a creditor's claim or priority"). As a result, and according to the Supreme Court's recent ruling in *Ritzen Group, Inc. v. Jackson Masonry, LLC*, Mrs. Morales must have appealed the Court's Settlement Order allowing Merfe's Proof of Claim within the applicable appeal deadline (i.e. 14 days from the date of the entry of the Settlement Order). *See Ritzen Group, Inc. v. Jackson Masonry, LLC*, 2020 WL 201023 at * 7 (U.S. 2020)(holding generally that final orders in bankruptcy court are appealable immediately, including orders that set the rights of creditors). Here, Mrs. Morales did not appeal the Court's Settlement Order allowing Merfe's Proof of Claim, which is a final order, and therefore such Settlement Order is now final. Mrs. Morales cannot now continue her Appeal or Fraud Case because doing so would give this Court's Settlement Order no effect.

### A Court Approved Settlement of Claim is Binding on All Parties to the Case

In addition, because the Settlement Motion was approved by the Court via its Settlement Order, it is binding on the Debtors. *See In re Tri-State Ethanol Co., LLC*, 370 B.R. 222, 235 (Bankr. D.S.D. 2007)("[a] court approved settlement of a claim is binding on all parties to the case. This is a fundamental and necessary component to the bankruptcy process . . ."). Here, Mrs. Morales's Appeal and Fraud Case are both an end around to the Court's Settlement Order approving Merfe's Proof of Claim. In short, if Mrs. Morales had an objection to the Merfe

Settlement Motion, she should have raised it timely and before the Court entered its Settlement Order approving the Merfe Settlement Motion.  In the alternative, she must have timely appealed the Settlement Order.  Mrs. Morales did neither.

### This Court Should Order Mrs. Morales to Dismiss the Appeal and Fraud Case Because Both are an Abuse of Process

And finally, pursuant to Section 105(a) of the Code, this Court should enter an order directing Mrs. Morales to dismiss the Appeal and Fraud Case in order to prevent an abuse of process.  Specifically, Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Here, allowing Mrs. Morales to continue with her Appeal and the Fraud Case is an abuse of process given that 1) the Court has already allowed Merfe's Proof of Claim via its Settlement Order, and 2) Mrs. Morales represented in her Financing Motion (which was filed after the entry of the Settlement Order allowing Merfe's Proof of Claim) that "[t]here are two creditors in this case, Regions Bank and [Merfe], who will be paid from the proceeds of this financing" (i.e. the Payment Representation").  *See* Financing Motion at ¶ 4.  Based on Mrs. Morales's Payment Representation to the Court, Merfe did not object to Mrs. Morales Settlement with the Trustee or the Financing Motion.  This is important because had Merfe known that Mrs. Morales was lying to the Court and secretly planning to continue litigating her Fraud Case against Merfe, then Merfe would have objected to the both the Debtors' Settlement Motion and Financing Motion.  Stated differently, Mrs. Morales clearly had a motivation to lie to the Court and Merfe in her Financing Motion – she

wanted to avoid an objection from Merfe so that she could obtain financing on the real property

owned by JC&C and fund her settlement with the Trustee.

The Eleventh Circuit in *In re Failla*, 838 F. 3d 1170 (11th Cir. 2016) is instructive here.

Specifically, in *Failla* the Eleventh Circuit held:

> Bankruptcy judges also have "broad authority ... to take any action that is necessary or appropriate 'to prevent an abuse of process.' " *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007) (quoting 11 U.S.C. § 105(a)). A debtor who promises to surrender property in bankruptcy court and then, once his debts are discharged, breaks that promise by opposing a foreclosure action in state court has abused the bankruptcy process…While a creditor may be able to invoke the doctrine of judicial estoppel in state court to force debtors to keep a promise made in bankruptcy court, its availability does not affect the statutory authority of bankruptcy judges to remedy abuses that occur in *their* courts. And there is nothing strange about bankruptcy judges entering orders that command a party to do something in a nonbankruptcy proceeding. Bankruptcy courts "regularly exercise jurisdiction to tell parties what they can or cannot do in a non-bankruptcy forum." *In re Lapeyre*, 544 B.R. 719, 723 (Bankr. S.D. Fla. 2016). Just as the bankruptcy court may "order[ ] creditors who violate the automatic stay to take corrective action in the non-bankruptcy litigation," the bankruptcy court may "order the Debtors to withdraw their affirmative defenses and dismiss their counterclaim in the Foreclosure Case." *Id.* The bankruptcy court had the authority to compel the Faillas to fulfill their mandatory duty under section 521(a)(2) not to oppose the foreclosure action in state court.

*See id*. at 1179.

While *Failla* involved a husband and wife debtor breaking their promise in their statement of

financial affairs to surrender property back to their lender, the same reasoning applies in this case.

Specifically, the Court in this case granted the Debtor's Settlement Motion and Financing Motion

based on the representations made therein, including the Payment Representation. In addition,

Merfe did not object to the Debtors' Settlement Motion and Financing Motion based on the

Payment Representation. Now, Mrs. Morales is going back on her Payment Representation to the

detriment of Merfe. *See Zander v. U.S.*, 547 U.S. 489, 504 (2006)("[w]here a party assumes a

certain position in a legal proceeding, and succeeds in maintaining that position, he may not

thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who acquiesced in the position formerly taken by him").

The foregoing is a clear abuse of process and should not be tolerated by this Court.  In effect, Mrs. Morales lied to both the Court and Merfe when she made the Payment Representation, which lie was relied upon by the Court (in granting the Financing Motion) and Merfe (in not objecting the Financing Motion).  Accordingly, and pursuant to Section 105(a), the Court should prevent this abuse of process and order Mrs. Morales to dismiss her Appeal and  Fraud Case.

## Conclusion

To be sure, Mrs. Morales is running amuck in the State Court and completely disregarding this Court's final Settlement Order.  In addition, Mrs. Morales's lie in her Financing Motion should not be tolerated by the Court.  For the foregoing reasons, the Court should grant the instant Motion.

WHEREFORE, Merfe Construction, Inc., respectfully requests that this Court enter an order granting the instant Motion and finding that the Court's Settlement Order is final, that Merfe's Proof of Claim is allowed, order Mrs. Morales to dismiss her Appeal and Fraud Case, and for any and all further relief this Court deems fair and equitable.

REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 24, 2020, a true and correct copy of the foregoing was served via the Court's Notice of Electronic Filing upon the Registered Users listed on Exhibit 1.

s/ Daniel N. Gonzalez
Daniel N. Gonzalez, Esquire
Florida Bar No. 0592749
dgonzalez@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
200 South Biscayne Blvd., Ste. 3200
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Merfe Construction, Inc.*

## EXHIBIT 1

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

Johanna Armengol     Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
Michael R. Bakst     efileu1094@gmlaw.com,
ecf.alert+bakst@titlexi.com;efileu1092@gmlaw.com;efileu2170@gmlaw.com;efileu386@gmla
w.com
Rilyn A Carnahan     rilyn.carnahan@gmlaw.com,
efileu1092@gmlaw.com;efileu1089@gmlaw.com;efileu2170@gmlaw.com;efileu1435@gmlaw.
com;efileu1094@gmlaw.com;efileu1093@gmlaw.com;gregory.stolzberg@gmlaw.com;efileu22
99@gmlaw.com
Michael P Dunn     michael.dunn@dunnlawpa.com,
rbasnueva@dunnlawpa.com;mzucker@dunnlawpa.com
Michael A. Frank     pleadings@bkclawmiami.com,
bkcpleadings@gmail.com;frankmr48583@notify.bestcase.com
Daniel N Gonzalez     dgonzalez@melandrussin.com,
ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;dgonzalez@ecf.courtdrive.com;ltannenb
aum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
Soneet Kapila     trustee@kapilaco.com, ecf.alert+Kapila@titlexi.com
Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
Michael MG Petit     michael@michaelgarciapetitpa.com
Alexis S Read     alexis.read@dunnlawpa.com, asr@alexisreadlaw.com
Richard Siegmeister     rspa111@att.net, rspa-ernest@att.net

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363