UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-26663-BKC-AJC
CHAPTER 7

IN RE:
JUAN C. MORALES
and MIRTHA MORALES
    Debtors.
                                  /

**DEBTOR'S RESPONSE TO CREDITOR, MERFE CONSTRUCTION, CORP'S A/K/A MERFE CONSTRUCTION, INC'S MOTION (1) TO ENFORCE COURT'S ORDER APPROVING STIPULATION TO COMPROMISE CONTROVERSY DEEMING MERFE'S PROOF OF CLAIM ALLOWED; AND (II) TO DIRECT MIRTHA MORALES TO DISMISS PENDING STATE COURT CASES**

        The Debtors, JUAN and MIRTHA MORALES, file this response to the creditor, Merfe Construction, Corp's a/k/a Merfe Construction, Inc's Motion (1) to enforce Court's Order approving stipulation to Compromise Controversy deeming Merfe's Proof of claim allowed; and (II) to Direct Martha Morales to Dismiss Pending State Court Cases and states:

        1.      The sole remaining creditor in this case is Merfe Construction Corp., Counsel for this creditor in the first sentence of his opening paragraph in his Motion states that this creditor is Merfe Construction Corp., a/k/a Merfe Construction Inc.  The reason for this confusion is that Merfe Construction Corp does not exist.  Only Merfe Construction Inc., is a validly credited company.  Merfe Construction Corp., the name the claim was filed under, is not.

        2.      Merfe Construction Corp., a legal nuility, filed a lawsuit against Mirtha Morales and her brother, Guillermo Perez, to foreclose on a note and mortgage allegedly signed by the Debtor and guaranteed by her brother.  Samuel Reiner, Esquire,represented

both the Debtor and the Debtor's brother even though he had a conflict of interest. Mr. Reiner agreed to a Default Final Judgment against the Debtor, Mirtha Morales even though he had never met, or talked to, the Debtor. The Debtor claims that she never signed the note or mortgage, but that is was forged by her brother, Guillermo Perez. The Debtors filed a Chapter 11 Bankruptcy, which was converted to a Chapter 7 on May 11, 2018. Juan Morales had minimal debt and his claims with the Chapter 7 Trustee have been resolved.

      3.      The Chapter 7 Trustee filed a complaint against Merfe Construction Corp., which was settled to reclassify and reduce any amounts owed to them. The Trustee has abandoned his interest in pre-petition assets collected by Merfe Construction Corp., against the Debtor to Merfe Construction Corp. Prior to the settlement between Merfe Construction, Corp., and the Trustee, [ECF 179] the Debtors' had amended their schedules to show the claim the Debtors' had against Merfe Construction Corp, [ECF 102].

      4.      After the creditor settled with the Trustee, the Debtor's were contacted by the Trustee to negotiate a settlement. The Debtors' agreed to give the Trustee $450,000.00. less any money he was holding to settle any and all claims. In return, the Debtors were able to keep the legal malpractice action against Samuel Reiner and Reiner and continue prosecuting their State Court 1.540 claims against Regions Bank and Merfe Construction Corp., because of the forged notes and mortgages. Even though that was spelled out in the Stipulation to Compromise Controversy, [ECF 190], Merfe Construction Corp., never objected to the agreement. At the request of State Court Counsel, Merfe Construction Corp's case, the undersigned filed a Motion to prohibit the Chapter 7 Trustee from Disbursing Settlement Proceeds to Creditors [ECF 204].. Even though that Motion was denied on July 17, 2019, [ECF 214], creditor's counsel, who were present at that hearing

and there was continuing Motions being filed in the State Court case, never asked this Court to prohibit Debtor from continuing with the State Court case.

5. Subsequent to the hearing on the Motion to Prohibit the Chapter 7 Trustee from disbursing settlement proceeds to creditors, [ECF 204], the Debtors were successful in the State Court case against Regions Bank in the Rule action 1.540. The Chapter 7 Trustee filed an objection to the Regions claim [ECF 225], which claims was sustained on December 17, 2019, [ECF 226]. Interestingly, counsel for Merfe Construction Corp., did not file an objection to the Trustee's objection to the claim of Regions Bank. Merfe Construction Corp., did not object to the Debtors proceeding in State Court against Regions Bank. The Debtors prevailed, which left a greater distribution to unsecured claims.

6. The creditor, Merfe Construction Corp, did not want the Debtors to proceed in State Court against their claim, as they believe they may lose, and therefore, their claim will be disallowed under a reconsideration Motion.

7. Creditor's counsel, throughout the Motion, continuously states that the Debtors did not object to their settlement with the Trustee. That does not change the fact that the creditors did not object to the Debtors settlement with the Trustee, or to the Trustee's Objection to Regions Bank's claim. That settlement agreement vests the causes of action in the Debtors and silence from the other side.

8. The Debtors do not object to the fact that Merfe Construction Corp, has an allowed claim in the bankruptcy case. Merfe Construction Corp., has asked this Court to prohibit the Debtors from proceeding in the State Court and Appeal's Court with reference to their claim. The availability to proceed against this creditor was specifically authorized in the Stipulation to Compromise Controversy, [ECF190].

9.     Although the Debtors agree that there is an Order allowing the claim of Merfe Construction Corp., the creditor ignores the fact that pursuant to Section 502(j), a claim that has been allowed or disallowed may be reconsidered for cause.  Also, pursuant to Rule 3008, a party in interest may move for reconsideration of an Order allowing or disallowing a claim against the estate.  In the event the Debtors are successful in knocking out the claim of Merfe Construction Corp., the Trustee's right to recover from a creditor any excess payment or transfers made to such creditor is not restricted.

10.    The Debtors are entitled to proceed against the creditor in State Court and in the event they are successful, if the payment to the creditor has already occurred, the Trustee would be entitled to recover any payments made to the creditor.

WHEREFORE, the Debtors request that the Creditor, Merfe Construction, Corp's a/k/a Merfe Construction, Inc's Motion (1) to enforce Court's Order approving stipulation to Compromise Controversy deeming Merfe's Proof of claim allowed; and (II) to Direct Martha Morales to Dismiss Pending State Court Cases should be DENIED.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was sent via email to Daniel N. Gonzalez, counsel for Merfe at dgonzalez@melandrussin.com and all other set forth in the NEF, this 14th day of February 2020.

Law Offices of Michael J. Brooks, Michael A. Frank
&amp; Rodolfo H. De La Guardia, Jr.
Attorneys for the Debtor
Suite 620 • Union Planters Bank Building
10 Northwest LeJeune Road
Miami, FL 33126-5431
Telephone (305) 443-4217
Facsimile (305) 443-3219
Email- Pleadings@bkclawmiami.com


By /s/ Michael J. Brooks
    Michael J. Brooks
    Florida Bar No. 434442