UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami-Dade DIVISION
www.flsb.uscourts.gov

In re:

JUAN C. AND MIRTHA MORALES,

Debtors.

Case No. 16-26663-AJC

Chapter 7

_____/

**MEMORANDUM OF LAW IN SUPPORT OF MERFE CONSTRUCTION, CORP.'S A/K/A MERFE CONSTRUCTION, INC.'S, MOTION (I) TO ENFORCE COURT'S ORDER APPROVING STIPULATION TO COMPROMISE CONTROVERSY DEEMING MERFE'S PROOF OF CLAIM ALLOWED; AND (II) TO DIRECT MIRTHA MORALES TO DISMISS PENDING STATE COURT CASES**

Merfe Construction, Corp. a/k/a Merfe Construction, Inc. ("*Merfe*"), by and through its undersigned counsel and pursuant to this Court's *Order Granting in Part, and Reserving Ruling in Part, On Merfe's Motion (I) to Enforce Court's Order Approving Stipulation to Compromise Controversy Deeming Merfe's Proof of Claim Allowed; and (II) to Direct Mirtha Morales to Dismiss Pending State Court Cases* (the "*Order*")[ECF No. 234], files this memorandum of law (the "*Memorandum*") in support of its Motion,[1] and states as follows:

**I.     INTRODUCTION**

The Court's Order directs Merfe and the Debtor, Mirtha Morales, to file by no later than March 10, 2020, competing Memorandums on the issue of whether the Court has the ability to

---

[1] All capitalized terms used herein shall have the same meaning ascribed to them in Merfe's *Motion (I) to Enforce Court's Order Approving Stipulation to Compromise Controversy Deeming Merfe's Proof of Claim Allowed; and (II) to Direct Mirtha Morales to Dismiss Pending State Court Cases* (the "*Motion*")[ECF No. 228], unless otherwise defined.  In addition, the Motion is incorporated herein by reference.

enter an order requiring the Debtor to dismiss the Appeal and Fraud Case (the *"Issue"*).[2] The answer to the Issue, as detailed in this Memorandum, is unequivocally: yes.

Before addressing the law on the Issue, the Court should understand the Debtor's illogical position – which position was articulated by Debtor's counsel at the hearing on Merfe's Motion. Specifically, the Debtor agrees (and does not contest) that Merfe's Proof of Claim is allowed, which Proof of Claim she did not object to in her bankruptcy case, and, which Proof of Claim was allowed by this Court pursuant to the Court's Settlement Order without objection from the Debtor. In addition, as part of the Settlement Order, the Court entered its Agreed Final Judgment against Merfe which expressly holds that "….Merfe's Claim is allowed as a general unsecured claim." *See* Agreed Final Judgment at ¶ 4(e) entered in the Merfe Adversary. Moreover, the Debtor agrees that the Trustee can make a final distribution to Merfe on its allowed Proof of Claim and close the bankruptcy case. What the Debtor wants if for the Court to deny Merfe's Motion and for the State Court to order Merfe's undersigned counsel to hold the Trustee's distribution on Merfe's Proof of Claim (the *"Distribution Funds"*) until the State Court rules on the Debtor's Motion to Vacate, Appeal, and Fraud Case (whenever that would occur).

In effect, the Debtor's position is that despite the foregoing, she should be allowed to continue to litigate the basis of Merfe's Proof of Claim (i.e the Deficiency Judgment)[3] in the State Court: i) even though she never objected to Merfe's Proof of Claim; ii) never objected or appealed the Court's Order allowing Merfe's Proof of Claim; and iii) agrees that Merfe's Proof of Claim is allowed. Without a doubt, to follow the Debtor's arguments to its logical conclusion would create

---

[2] For the avoidance of doubt, Merfe's Motion seeks to require the Debtor to stop all litigation in the State Court in which she is contesting the basis of Merfe's allowed Proof of Claim, which includes not only the Appeal and Fraud Case, but also her Motion to Vacate.
[3] In effect, if the Debtor is successful in State Court, Merfe's Final Deficiency Judgment (which was entered in 2011) would be voided and Merfe would then need to relitigate its case against the Debtor.

total chaos and give no effect to orders of this Court. In addition, and if the Debtor has her way and the Court denies Merfe's Motion, the Debtor will be able to continue the fiasco she has created in the State Court Case in which she seeks to void Merfe's Deficiency Judgment (9 years after it was entered) based on alleged bad acts not performed by Merfe, but rather by her prior counsel (Samuel Reiner, Esq.) and her brother.[4]

Turning the focus to the Issue addressed in this Memorandum, the Court needs to focus on the Debtor's false Payment Representation made in her Financing Motion, which Payment Representation was made by the Debtor to this Court and relied upon by Merfe to its detriment. For this reason alone, the Debtor's actions in the State Court constitute an abuse of process.

## II. Memorandum of Law

### A. This Court Does Have the Ability to Enter an Order Requiring the Debtor to Dismiss the Motion to Vacate, the Appeal, and the Fraud Case

The answer to the Issue of whether this Court has the ability to enter an order requiring the Debtor to dismiss the Motion to Vacate, Appeal, and Fraud Case is found in Section 105(a) of the Code, which provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Accordingly, the Court can take any action or make any determination that is necessary or appropriate to enforce its orders or prevent an abuse of process.

---

[4] The Debtor has a pending malpractice lawsuit against her former counsel, Mr. Reiner.

Indeed, bankruptcy courts have relied on Section 105(a) of the Code to order debtors to withdraw defenses and dismiss claims in state court due to an abuse of process. For example, the Eleventh Circuit in *In re Failla*, 838 F. 3d 1170, 1179 (11th Cir. 2016) held:

> Bankruptcy judges also have "broad authority ... to take any action that is necessary or appropriate 'to prevent an abuse of process.'" *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007) (quoting 11 U.S.C. § 105(a)). A debtor who promises to surrender property in bankruptcy court and then, once his debts are discharged, breaks that promise by opposing a foreclosure action in state court has abused the bankruptcy process…While a creditor may be able to invoke the doctrine of judicial estoppel in state court to force debtors to keep a promise made in bankruptcy court, its availability does not affect the statutory authority of bankruptcy judges to remedy abuses that occur in *their* courts. And there is nothing strange about bankruptcy judges entering orders that command a party to do something in a nonbankruptcy proceeding. Bankruptcy courts "regularly exercise jurisdiction to tell parties what they can or cannot do in a non-bankruptcy forum." *In re Lapeyre*, 544 B.R. 719, 723 (Bankr. S.D. Fla. 2016). Just as the bankruptcy court may "order[ ] creditors who violate the automatic stay to take corrective action in the non-bankruptcy litigation," <u>the bankruptcy court may "order the Debtors to withdraw their affirmative defenses and dismiss their counterclaim in the Foreclosure Case."</u> *Id.* The bankruptcy court had the authority to compel the Faillas to fulfill their mandatory duty under section 521(a)(2) not to oppose the foreclosure action in state court.

In addition, other bankruptcy courts in this district and within this Circuit, pursuant to Section 105(a), have also ordered debtors to withdraw defenses and claims in state court. *See In re Lapeyre*, 544 B.R. 719, 723 (Bankr. S.D. Fla. 2016)(J. Mark)("Bankruptcy judges…regularly exercise jurisdiction to tell parties what they can or cannot do in a non-bankruptcy forum, including, in particular, ordering creditors who violate the automatic stay to take corrective action in the non-bankruptcy litigation. Therefore, the Court concludes that it has jurisdiction to order the Debtors to withdraw their affirmative defenses and dismiss their counterclaim in the Foreclosure Case."); *see also In re Scott*, 567 B.R. 847, 851 (Bankr. S.D. Fla. 2017)(J. Ray)("A debtor who promises to surrender property in bankruptcy court and then, once his debts are discharged, breaks that promise by opposing a foreclosure action in state court has abused the bankruptcy process.");

*see also In re Tippins*, 221 B.R. 11, 25, 27 (Bankr. N.D. Ala. 1998)(denying debtors ability to litigate prepetition cause of action against lender in state court due to debtors failure object to the lender's claim in bankruptcy court, stating that allowing debtors to do so would threaten the uniformity of bankruptcy law, and it has "been long recognized…the bankruptcy courts have the equitable power to enjoin state court proceedings to protect and enforce its decrees").

Here, the Debtor has committed a clear abuse of process in this Court which must be remedied.  Specifically, the Debtor represented in her Financing Motion that: "[t]here are two creditors in this case, Regions Bank and [Merfe], who will be paid from the proceeds of this financing" (i.e. the Payment Representation) – which Payment Representation is known to be a lie.  As is explained in greater detail in Merfe's Motion, the Debtor's Financing Motion was filed as a companion motion to the Debtor's Settlement Motion, which provided, in part, that the Debtor's would pay the Trustee $450,000 for the estate's 100% ownership interest in JC&C.  The Debtor filed the Financing Motion in order to obtain Court approval (with the Trustee's agreement) to get financing on the real property owned by JC&C so that she could pay the $450,000 settlement payment to the Trustee.

Based on the Debtor's Payment Representation in her Motion – that Merfe's Proof of Claim would be paid from the proceeds of the Financing – Merfe did not object to the Debtor's Settlement Motion nor the Debtor's Financing Motion, and consequently, the Court entered its order approving both the Debtor's Settlement Motion and Financing Motion.  This is important because had Merfe known that Mrs. Morales was playing "fast and loose" with the Court and secretly planning to continue litigating in State Court against Merfe despite her Payment Representation, then Merfe would have objected to the both the Debtors' Settlement Motion and Financing Motion

given that Merfe's Proof of Claim had already been allowed by order of this Court via this Court's Settlement Order and the Agreed Final Judgment.

In effect, by making the Payment Representation, the Debtor executed a perfect "bait and switch" because she was able to avoid an objection from Merfe to her Debtor's Settlement Motion and Financing Motion, both of which the Court granted not knowing that the Debtor's Payment Representation was a lie, and now the Debtor is the owner of JC&C (and the real property it owns). Meanwhile, the Debtor, who now owns JC&C (and its real property) based on a false representation to the Court, wants to be able to continue litigating her Motion to Vacate, Appeal and Fraud Case in the State Court against Merfe. And of course, the only party being prejudiced here is Merfe, whose Proof of Claim has been allowed by this Court via the Settlement Order and Agreed Final Judgment.

Just like in the *Failla* and *Scott* cases, both of which cases involved representations by the debtors in their bankruptcy cases regarding the surrender of real property back to their lenders and then later continuing litigation against their lenders, the same reasoning applies in this case. Specifically, the Court in this case granted the Debtor's Settlement Motion and Financing Motion based on the Debtor's representations made therein, including the Payment Representation (which Merfe relied upon in its decision not to object to the Debtor's Settlement Motion and Financing Motion). Now, like in the *Failla and Scott* cases, Mrs. Morales is breaking the promise made in her Payment Representation (to the detriment of Merfe) – which is a clear abuse of process. Accordingly, and pursuant to Section 105(a), the Court should order Mrs. Morales to withdraw her Motion to Vacate, dismiss her Appeal, and dismiss her Fraud Case. *See e.g. Zander v. U.S.*, 547 U.S. 489, 504 (2006)("[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have

changed, assume a contrary position, especially if it be to the prejudice of the party who acquiesced in the position formerly taken by him").

### B. Reincorporation of Additional Legal Arguments

In order to preserve this Court's judicial economy, and because the Court's Order does not request additional legal briefing on any other legal issues aside from the Court's ability to order the Debtor to dismiss the Motion to Vacate, Appeal, and Fraud Case, Merfe will not include additional legal argument in this Memorandum.  However, Merfe reincorporates in this Memorandum the legal arguments in its Motion under the sections titled: "The Settlement Order Determines Merfe's Proof of Claim and Therefore is a Final Order" and "A Court Approved Settlement is Binding on All Parties to the Case."  In addition, and in further support of its finality argument, Merfe also relies on the case of *In re Holland*, 70 B.R 409, 412 (Bankr. S.D. Fla 1987), in which this Court ruled that the doctrine of finality requires agreements confirmed by court order to "remain undisturbed."

Merfe submits that the legal arguments made in each of the foregoing sections in its Motion further support this Court's ability to enforce its own orders and require the Debtor to withdraw her Motion to Vacate, dismiss her Appeal, and dismiss her Fraud Case, pursuant to Section 105(a) of the Code.

### Conclusion

What the Debtor is attempting to do in this case violates all notions of fairness and is a direct attack on the finality of orders and judgment issued by this Court.  The Debtor had every opportunity to object to Merfe's Proof of Claim and to the Merfe Settlement with the Trustee, but she purposefully and surreptitiously chose to do neither.  Instead, she chose to sit idly by and make a material representation to the Court and Merfe in order to have her settlement with the Trustee

approved so she can keep her prized asset – JC&C. This Court should not condone this behavior, but more importantly, this Court should preserve the sanctity and finality of its orders and judgments.

WHEREFORE, Merfe Construction, Inc., respectfully requests that this Court enter an order granting its Motion and finding that the Court's Settlement Order is final, that Merfe's Proof of Claim is allowed, order Mrs. Morales to withdraw her Motion to Vacate, dismiss her Appeal, and dismiss her Fraud Case, and for any and all further relief this Court deems fair and equitable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 10, 2020, a true and correct copy of the foregoing was served via the Court's Notice of Electronic Filing upon the Registered Users listed on Exhibit 1.

> s/ Daniel N. Gonzalez
> Daniel N. Gonzalez, Esquire
> Florida Bar No. 0592749
> dgonzalez@melandrussin.com
> MELAND RUSSIN & BUDWICK, P.A.
> 200 South Biscayne Blvd., Ste. 3200
> Miami, Florida 33131
> Telephone: (305) 358-6363
> Telecopy: (305) 358-1221
> *Attorneys for Merfe Construction, Inc.*

## EXHIBIT 1

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

Johanna Armengol    Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
Michael R. Bakst    efileu1094@gmlaw.com, ecf.alert+bakst@titlexi.com;efileu1092@gmlaw.com;efileu2170@gmlaw.com;efileu386@gmlaw.com
Rilyn A Carnahan    rilyn.carnahan@gmlaw.com, efileu1092@gmlaw.com;efileu1089@gmlaw.com;efileu2170@gmlaw.com;efileu1435@gmlaw.com;efileu1094@gmlaw.com;efileu1093@gmlaw.com;gregory.stolzberg@gmlaw.com;efileu2299@gmlaw.com
Michael P Dunn    michael.dunn@dunnlawpa.com, rbasnueva@dunnlawpa.com;mzucker@dunnlawpa.com
Michael A. Frank    pleadings@bkclawmiami.com, bkcpleadings@gmail.com;frankmr48583@notify.bestcase.com
Daniel N Gonzalez    dgonzalez@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;dgonzalez@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
Soneet Kapila    trustee@kapilaco.com, ecf.alert+Kapila@titlexi.com
Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
Michael MG Petit    michael@michaelgarciapetitpa.com
Alexis S Read    alexis.read@dunnlawpa.com, asr@alexisreadlaw.com
Richard Siegmeister    rspa111@att.net, rspa-ernest@att.net

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363