UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami-Dade DIVISION
www.flsb.uscourts.gov

In re:

Case No. 16-26663-AJC

JUAN C. AND MIRTHA MORALES,

Chapter 7

Debtors.

_____/

**MERFE CONSTRUCTION, CORP.'S A/K/A MERFE CONSTRUCTION, INC.'S, RESPONSE TO DEBTORS MEMORANDUM OF LAW IN SUPPORT OF THE DENIAL OF CREDITOR MERFE CONSTRUCTION, CORP.'S A/K/A MERFE CONSTRUCTION, INC.'S, MOTION (I) TO DIRECT MIRTHA MORALES TO DISMISS PENDING STATE COURT CASES**

Merfe Construction, Corp. a/k/a Merfe Construction, Inc. (*"Merfe"*), by and through its undersigned counsel, files its Response (the *"Response"*) to *Debtors Memorandum of Law In Support of the Denial of Creditor Merfe Construction, Corp.'S a/k/a Merfe Construction, Inc.'s, Motion (I) to Direct Mirtha Morales to Dismiss Pending State Court Cases* (the *"Debtor's Memorandum"*)[ECF No. 237], and in support states as follows:

I.    **INTRODUCTION**

The Court's *Order Granting in Part, and Reserving Ruling in Part, On Merfe's Motion (I) to Enforce Court's Order Approving Stipulation to Compromise Controversy Deeming Merfe's Proof of Claim Allowed; and (II) to Direct Mirtha Morales to Dismiss Pending State Court Cases* (the *"Order"*)[ECF No. 234], directs both Merfe and the Debtor, to file by no later than March 10, 2020, competing Memorandums on the issue of whether the Court has the ability to enter an order

requiring the Debtor to dismiss the Appeal and Fraud Case (the *"Issue"*).[1]  Not surprisingly, the

Debtor's Memorandum fails to cite to any cases or legal authority.  Presumably this is because the

Debtor's concedes the answer to the Issue is unequivocally "yes."  Instead, the Debtor's

Memorandum is geared towards creating further confusion and obfuscating the matter at hand.

The purpose of this Response is to address certain of the arguments and allegations made

in the Debtor's Memorandum.

## II.    RESPONSE

1.    Paragraph 2 of the Debtor's Memorandum states:

> Merfe Construction Corp., a legal nullity, filed a lawsuit against Mirtha Morales
> and her brother, Guillermo Perez, to foreclose on a note and mortgage allegedly
> signed by the Debtor and guaranteed by her brother. Samuel Reiner, Esquire,
> represented both the Debtor and the Debtor's brother even though he had a conflict
> of interest. Mr. Reiner agreed to a Default Final Judgment against the Debtor,
> Mirtha Morales even though he had never met, or talked to, the Debtor. The Debtor
> claims that she never signed the note or mortgage, but that is was forged by her
> brother, Guillermo Perez. The Debtors filed a Chapter 11 Bankruptcy, which was
> converted to a Chapter 7 on May 11, 2018. Juan Morales had minimal debt and his
> claims with the Chapter 7 Trustee have been resolved.

**Merfe's Response:** The Debtor's allegation that she never signed Merfe's note and

mortgage is belied by the Debtor's own testimony.  Specifically, the Deficiency Judgment entered

against the Debtor and in favor of Merfe was entered on August 28, 2011.  A copy of the Deficiency

Judgment is attached as **Exhibit A**.  After the entry of the Deficiency Judgment, Merfe commenced

a proceeding supplementary against the Debtor due to the Debtor fraudulently transferring her

interest in JC&C to her husband – and Merfe prevailed in avoiding the Debtor's fraudulent transfer.

---

[1] For the avoidance of doubt, Merfe's Motion seeks to require the Debtor to stop all litigation in the State Court in which she is contesting the basis of Merfe's allowed Proof of Claim, which includes not only the Appeal and Fraud Case, but also her Motion to Vacate.

The Debtor was deposed by Merfe during the proceeding supplementary, during which deposition the Debtor was asked, and she answered:

> Q.    Do you acknowledge that you owe the monies due on this final deficiency judgment?
>
> A.    Yes.

It was not until December 28, 2017, that the Debtor first alleged the note and mortgage that form the basis of Merfe's Deficiency Judgment were forged by her brother, and that her counsel at the time, Samuel Reiner, Esq., violated his professional duties to her.  As a result, the Debtor has a pending suit against Mr. Reiner for malpractice in Miami-Dade County state court.  *See* case no. 2018-039738.  While the Debtor is seeking to void Merfe's Deficiency Judgment in the State Court Case, the Debtor's real cause of action (assuming she can prove her allegations) is against her brother and Mr. Reiner, whom she has already sued.

2.    Paragraph 5 of the Debtor's Memorandum states:

> Subsequent to the hearing on the Motion to Prohibit the Chapter 7 Trustee from disbursing settlement proceeds to creditors, [ECF 204], the Debtors were successful in the State Court case against Regions Bank in the Rule action 1.540. The Chapter 7 Trustee filed an objection to the Regions claim [ECF 225], which claims was sustained on December 17, 2019, [ECF 226]. Interestingly, counsel for Merfe Construction Corp., did not file an objection to the Trustee's objection to the claim of Regions Bank. Merfe Construction Corp., did not object to the Debtors proceeding in State Court against Regions Bank. The Debtors prevailed, which left a greater distribution to unsecured claims.

**Merfe's Response:** The Debtor fails to specify that she obtained a default judgment against Regions Bank.  For reasons unknown to Merfe, Regions Bank allowed the Debtor to obtain a default judgment voiding its judgment against her.  Also, Merfe does not represent Regions Bank, and therefore it had no reason to involve itself in the Debtor's state court case against Regions.

3.    Paragraph 6 of the Debtor's Memorandum states:

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

The creditor, Merfe Construction Corp, did not want the Debtors to proceed in State Court against their claim, as they believe they may lose, and therefore, their claim will be disallowed under a reconsideration Motion.

**Merfe's Response:** This is a flat out, and unsupported, lie.[2]  At no time has Merfe told the Debtor that it does not want the Debtor to proceed against it in state court because it believes it "may lose."  Instead, Merfe is asking this Court to enforce the finality of its Settlement Order and Agreed Final Judgment which allow Merfe's Proof of Claim.  Interestingly, the converse seems to be more true – it is Debtor that did not want to object Merfe's Proof of Claim in this Court, which is where she should have done so.

4.      Paragraph 7 of the Debtor's Memorandum states:

[Merfe's] counsel, throughout the Motion, continuously states that the Debtors did not object to their settlement with the Trustee. That does not change the fact that the creditors did not object to the Debtors settlement with the Trustee, or to the Trustee's Objection to Regions Bank's claim. That settlement agreement vests the causes of action in the Debtors and there was silence from the other side.

**Merfe's Response:**  Merfe did not object to the Debtor's settlement with the Trustee because of the Debtor's Payment Representation in her Financing Motion.  To be sure, and because of the Debtor's Payment Representation, Merfe believed that its allowed Proof of Claim would be paid.  In effect, the Debtor's argument is that despite her representing to the Court and Merfe in her Financing Motion that the proceeds from the financing would be used to pay Merfe's allowed Proof of Claim (so that she could obtain the $450,000 in financing to purchase the estate's interest in JC&C), this Court should nonetheless pay no attention to her representation.

5.      Last paragraph in Section I.A. of the Debtor's Memorandum states:

In sum, the fundamental premise of Merfe's motion to have the bankruptcy court direct her to dismiss her state court actions (because she lied and said that the claims would be dismissed) is totally false. The documents clearly show that until the judgment might be vacated, Morales could not object to Merfe being paid. But,

---

[2] This is further evidence that the Debtor will say and do anything to advance her position, irrespective of the truth.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

even though Merfe was to be paid, Morales was proceeding with her Causes of Action, including her postpetition claim to vacate Merfe's judgment.

**Merfe's Response:** First, it is difficult to understand what the Debtor is trying to say in the foregoing paragraph. Second, the Debtor had every opportunity to object to Merfe's Proof of Claim in this case. The Debtor also had every opportunity to object to the Merfe Settlement that allowed Merfe's Proof of Claim in this case. The Debtor also had every opportunity to appeal the Court's Settlement Order and Agreed Final Judgment allowing Merfe's Proof of Claim in this case. However, the Debtor chose to do none of the foregoing. Instead, the Debtor chose to surreptitiously purchase back from the estate her interest in JC&C based on a false representation made in the Financing Motion, and only after consummating her nefarious plan, continue to litigate with Merfe in State Court despite the fact that Merfe's Proof of Claim has been allowed by a final order of this Court.

### Conclusion

The madness needs to stop. Merfe has an allowed Proof of Claim pursuant to this Court's Settlement Order and Agreed Final Judgment. Nonetheless, the Debtor is insistent on pushing forward her false narrative regarding the alleged forgery of the note and mortgage that form the basis of Merfe's allowed Proof of Claim – which forgery she does not blame on Merfe, but on her lawyer, Samuel Reiner, Esq., and her brother. The Debtor's relief, if any, is against Mr. Reiner and her brother. To this end, the Debtor has a pending malpractice action against Mr. Reiner in state court, and if the Debtor is entitled to any relief, it is in that case.

WHEREFORE, Merfe Construction, Inc., respectfully requests that this Court enter an order granting its Motion and finding that the Court's Settlement Order is final, that Merfe's Proof

of Claim is allowed, order Mrs. Morales to withdraw her Motion to Vacate, dismiss her Appeal, and dismiss her Fraud Case, and for any and all further relief this Court deems fair and equitable.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on March 10, 2020, a true and correct copy of the foregoing was served via the Court's Notice of Electronic Filing upon the Registered Users listed on <u>Exhibit 1</u>.

<u>s/ Daniel N. Gonzalez</u>
Daniel N. Gonzalez, Esquire
Florida Bar No. 0592749
dgonzalez@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
200 South Biscayne Blvd., Ste. 3200
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Merfe Construction, Inc.*

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

**EXHIBIT 1**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Johanna Armengol    Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
- Michael R. Bakst    efileu1094@gmlaw.com, ecf.alert+bakst@titlexi.com;efileu1092@gmlaw.com;efileu2170@gmlaw.com;efileu386@gmlaw.com
- Rilyn A Carnahan    rilyn.carnahan@gmlaw.com, efileu1092@gmlaw.com;efileu1089@gmlaw.com;efileu2170@gmlaw.com;efileu1435@gmlaw.com;efileu1094@gmlaw.com;efileu1093@gmlaw.com;gregory.stolzberg@gmlaw.com;efileu2299@gmlaw.com
- Michael P Dunn    michael.dunn@dunnlawpa.com, rbasnueva@dunnlawpa.com;mzucker@dunnlawpa.com
- Michael A. Frank    pleadings@bkclawmiami.com, bkcpleadings@gmail.com;frankmr48583@notify.bestcase.com
- Daniel N Gonzalez    dgonzalez@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com;dgonzalez@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- Soneet Kapila    trustee@kapilaco.com, ecf.alert+Kapila@titlexi.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Michael MG Petit    michael@michaelgarciapetitpa.com
- Alexis S Read    alexis.read@dunnlawpa.com, asr@alexisreadlaw.com
- Richard Siegmeister    rspa111@att.net, rspa-ernest@att.net

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

4

ORDR



IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 08-40150 CA 04

MERFE CONSTRUCTION CORP.,

Plaintiff,

vs.

MIRTHA MORALES, GUILLERMO PEREZ, and EXTRAORDINARY HOMES AT HORSE COUNTRY II, LLC,

Defendants.

_____/

Signed and Dated:

**AUG 2 8 2011**

Judge Amy Steele Donner

## FINAL DEFICIENCY JUDGMENT AGAINST DEFENDANT MIRTHA MORALES

THIS ACTION having come before the Court on August 11, 2011 upon the Plaintiff, MERFE CONSTRUCTION CORP.'s ("Merfe Construction"), Motion for Deficiency Judgment against Defendant, MIRTHA MORALES ("Ms. Morales"), and the Court having reviewed the Motion, the Court file, the evidence of record, and in consideration of the agreement between counsel for the parties, and being otherwise duly advised in the premises, it is **ORDERED AND ADJUDGED** as follows:

### FINDINGS OF FACT

1.      The Court entered Final Judgment of Foreclosure on Count I of Plaintiff's Complaint ("Final Judgment") in favor of Plaintiff and adjudged that there was due to Plaintiff by Ms. Morales the total sum of **$460,447.58**, plus post-judgment interest at the statutory rate of six (6%) percent *per annum*.

EXHIBIT A

2.    The foreclosure sale of the subject property that is located in Miami-Dade County took place on May 6, 2011 in accordance with Florida law. Regions Bank holds a lien on the Property which is superior to the rights of Merfe Construction and was the successful purchaser at the foreclosure sale (the "First Mortgage Litigation").

3.    On August 11, 2009, Regions Bank also obtained a Final Judgment of Foreclosure in the First Mortgage Litigation against Ms. Morales on the Property in the amount of $453,070.99.

4.    The fair market value of the Property on the date of the foreclosure sale was $232,000.00.

5.    The total amount due Merfe pursuant to the Final Judgment as of April 16, 2009 was $460,447.58. This amount, together with the Final Judgment obtained by Regions Bank against Ms. Morales in the amount of $453,070.99, resulting in a $681,518.57 ($460,447.58 and $453,070.99 minus $232,000.00), deficiency between the fair market value of the Property as of the date of the foreclosure sale and the amount due pursuant to the Final Judgment obtained by Merfe Construction and by Regions Bank as of the date of the foreclosure sale.

6.    Thus, the total deficiency due and owing to Plaintiff from Ms. Morales is $460,477.58 – the full amount of Plaintiff's Final Judgment.

## RELIEF GRANTED

7.    Plaintiff, Merfe Construction's Motion for Deficiency Judgment against Ms. Morales is hereby **GRANTED**.

8.    Final Deficiency Judgment is hereby entered in favor of Plaintiff and against debtor Ms. Morales, in the amount of **$460,477.58**, plus statutory interest at the rate of six (6%) per cent *per annum* from the date hereof, for which let execution issue forthwith.

2

9.      Debtor Ms. Morales shall complete Form 1.977 (Fact Information Sheet) for Individuals (the form of which is attached hereto as Exhibit "A"), including all required attachments, and serve it on the Plaintiff's attorney, Harold E. Patricoff, Esq., Shutts & Bowen LLP, 1500 Miami Center, 201 S. Biscayne Boulevard, Miami, Florida 33131, within 45 days of the date of this Final Deficiency Judgment, unless this Final Deficiency Judgment is satisfied, or post-judgment discovery is stayed by Order of this Court.

10.     The Court reserves jurisdiction to enter further Orders as are appropriate, including, but not limited to, Orders to enforce this Final Deficiency Judgment, to conduct proceedings supplementary, and to award any further fees and expenses to which Plaintiff is entitled, including in connection with entry of this Final Deficiency Judgment.

11.     The last known addresses of the Plaintiff and of the Debtor Defendant is as follows:

## PLAINTIFF:

### MERFE CONSTRUCTION, INC.
### 4951 SW 132 AVENUE
### MIAMI FL 33175

### -AND-
### DEBTOR DEFENDANT:

### MIRTHA MORALES
### 680 WEST 15TH STREET
### HIALEAH FL 33010

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 08/29/11 10:48 AM.

Signed and Dated

AUG 2 8 2011

Judge Amy Steele Donner

AMY STEELE DONNER
CIRCUIT COURT JUDGE

3

CASE NO. 08-40150 CA 04

The movant shall, using any method(s) mandated by the Florida Rules of Civil Procedure serve all parties/counsel of record with a true and correct copy of this Order IMMEDIATELY and file proof of service with the Clerk.

Signed and stamped original Order sent to court file by Judge Donner's staff. Electronic copy furnished ONLY to any below listed recipient(s) by facsimile whose facsimile number(s) is/are CORRECTLY FORMATTED and listed herein.

Copies furnished to:
[Fax:HPatricoff@305-347-7761]
[Fax:CReiner@305-670-8989]