

**ORDERED in the Southern District of Florida on October 13, 2020.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re:                                           Case No. 16-26663-BKC-AJC
                                                 Chapter 7 proceeding
JUAN AND MIRTHA MORALES,

   Debtor.

_____

### ORDER DENYING MOTION TO ENFORCE COURT'S ORDER APPROVING STIPULATION TO COMPROMISE CONTROVERSY AND TO DIRECT MIRTHA MORALES TO DISMISS PENDING STATE COURT CASES

THIS CAUSE came before the Court for hearing upon *Merfe Construction, Corp.'s a/k/a Merfe Construction, Inc.'s Motion (I) to Enforce Court's Order Approving Stipulation to Compromise Controversy Deeming Merfe's Proof of Claim Allowed; and (II) to Direct Mirtha Morales to Dismiss Pending State Court Cases* (ECF 228) ("Motion") filed by Merfe Construction, Corp. a/k/a Merfe Construction, Inc. ("Merfe"), and upon Debtors' response (ECF 233). The Motion seeks an order of this Court directing the Debtor, Mirtha Morales ("Mirtha") to dismiss her pending

state law actions against Merfe, including all appeals. Merfe asserts its settlement with the Trustee in this case and allowance of its claim against the bankruptcy estate resolved all state court causes of action and bars Mirtha from further proceeding on her claims.

The Court has reviewed the parties' memoranda of law (ECFs 237, 238, and 239), post-hearing submissions and the record in this case. Based upon the foregoing, the Court concludes that the Motion should be denied. While the Court understands that Merfe is frustrated with the protracted legal proceedings in state court, the record in this case indicates that certain state court claims were preserved, notwithstanding the estate's allowance and payment of Merfe's claim in this bankruptcy case.

## BACKGROUND

Prepetition, in 2008, Merfe sued Mirtha and her brother, Guillermo Perez, to foreclose a note and mortgage. In 2009, Merfe obtained a foreclosure judgment and thereafter, in 2011, a deficiency judgment in the amount of $460,477.58. However, prior to obtaining a charging order on Mirtha's property, on December 17, 2016, Debtors filed a Chapter 11 petition commencing this case. Merfe filed Claim #6 on April 12, 2017.

Post-petition, on December 28, 2017, Mirtha filed in the prepetition foreclosure case a motion to vacate the deficiency judgment for lack of jurisdiction and for relief from the foreclosure judgment under Rule 1.540(b)(5). The motion was denied, and Mirtha appealed. The Third District Court of Appeal affirmed. Some time later, following this Court's allowance of Merfe's Proof of Claim and distribution thereon, Mirtha filed another appeal in the foreclosure case, appealing the state court's order dated November 26, 2019 denying her request to escrow any distributions on Merfe's allowed Proof of Claim.

Also during the Chapter 11 case, on January 6, 2018, Mirtha sued Merfe in state court, in

Case No. 2018-0488-CA-10, seeking to set aside the foreclosure and deficiency judgment for fraud. Mirtha alleges that the note and mortgage that formed the basis for Merfe's foreclosure judgment were forged by her brother, and that her counsel, Samuel Reiner of Reiner & Reiner, P.A., committed malpractice while representing her in the foreclosure case.

On May 11, 2018, Debtors converted their case to one under Chapter 7 and Soneet Kapila was appointed as the Chapter 7 Trustee.

On June 4, 2018, Merfe filed an amended claim; and, on June 28, 2018, the Debtors amended their schedules to, *inter alia,* reflect Merfe's claim(s).

On October 31, 2018, the Trustee filed an adversary complaint against Merfe in Adv. No. 18-01443-BKC-AJC-A seeking to avoid and recover a preference and to set aside and void post-petition transfers of or liens on Debtors' property, in particular, Mirtha's ownership interest in JC&C investments. The complaint objected to Merfe's claim and sought declaratory relief.

The adversary proceeding between the Trustee and Merfe was ultimately settled (ECF 178) and the settlement was approved without objection on April 3, 2019 (ECF 179). On April 4, 2019, an Agreed Final Judgment was entered against Merfe, consistent with the settlement (ECF 181). The Agreed Final Judgment established an allowed priority unsecured claim of $40,000.00, avoided any claim of right, title or lien on Debtors' or the estate's ownership interest in JC&C Investments LLC, avoided a charging order entered post-petition in favor of Merfe, and retained the right to seek a reduction of Merfe's claim.

The Trustee thereafter negotiated a settlement with the Debtors (ECF 190). The settlement allowed Mirtha to buy back the estate's ownership interest in JC&C Investments and resolved all disputes regarding monies received and/or collected by the Trustee from the Debtors and third parties. Significantly, it further resolved "any interest of the estate" in the foregoing state court

causes of action. As the Trustee stated in the *Emergency Motion to Approve Stipulation to Compromise Controversy* (ECF 190), Debtors' payment of the likely value of JC&C Investments "eliminates the need to litigate over whether certain funds are traceable to assets held solely by Mr. Morales, ***and even if the Trustee believes there was value in the Causes of Action, the settlement eliminates a need to litigate over whether any portion of the Causes of Action would not be property of the estate***." *Id* (emphasis added). The settlement was approved on May 6, 2019 (ECF 198) without objection.

## CONCLUSIONS

By the Motion, Merfe requests the Court direct Mirtha to dismiss her pending appeal in the pre-petition state court foreclosure action, as well as to dismiss Mirtha's post-petition state court action against Merfe for fraud.  Merfe relies on 11 U.S.C. §105 and *In re Failla*, 838 F.3d 1170 (11th Cir. 2016) to support its position.

The Court does indeed possess broad powers under 11 U.S.C. §105, as Merfe suggests; however, that does not appear to be a valid basis under which to direct dismissal of the state law causes of action in this case.  While 11 U.S.C. §105 allows the Court to take any action or make any determination that is necessary or appropriate to enforce its orders or prevent abuse of process, the Court finds it's Orders were clear and Debtors' litigation of the state court cases is not in violation of any Orders.  The Trustee's settlement with Merfe did not preclude the prosecution of the Debtors' state court causes of action, and it appears the state appellate court determined just that when it denied Merfe's motion to dismiss the appeal on the same grounds as alleged in the Motion.

The Court finds nothing in the record to support the position that the settlements, either between the Trustee and Merfe or the Trustee and the Debtors, required the Debtors to forego their claims against Merfe.  In fact, the Debtors' settlement with the Trustee specifically carves out for

the Debtors the state court causes of action.  The stipulation for settlement between the Trustee and

the Debtors included the Debtors' repurchase of the estate's interest in these causes of action. In

paragraph 7, the Trustee refers to the causes of actions as having nominal value and in paragraph 9,

the Trustee explains that the settlement resolves any interest of the estate in these state court causes

of action, ***except that agreement regarding the return to the estate of $$20,000 from Attorney***

***Seigmeister, which the Trustee noted "shall remain with the estate"*** (ECF 190)(emphasis added).

In other words, the estate's interest in the state court causes of action do not remain with the estate -

because they were included in the repurchase and settlement the Debtors made with the Trustee.

At the hearing on approval of the Trustee's settlement with the Debtors, Merfe could have

objected to the settlement, but it did not.  The Court therefore believes the unambiguous language

of the Debtor's settlement with the Trustee vested in the Debtors, upon payment of the settlement

amount, the ownership interest in JC&C Investments, as well as other assets, including the state

court causes of action against Merfe, both pre-petition and post-petition.

Moreover, the Court believes *Failla* is inapplicable under the facts of this case. Although

Merfe asserts the Debtors misrepresented that they would be discontinuing or dismissing the state

court litigation, the Court finds no such representation of record. Debtors agreed to pay the Trustee

$450,000.00, less any monies the Trustee received or collected from the Debtors or third parties, in

return for not only the estate's interest in JC&C Investments, but also the estate's interest in the

prepetition and post-petition state court cases against Merfe, allowing Debtors to retain their interest

in the state court causes of action.  The Trustee's settlement with the Debtors vested the state court

causes of action in the Debtors.  No objection to that settlement was raised and the settlement has

become final.

The fact that Merfe has been paid on its claim in this case is of no relevance.  Merfe settled

its claims against the bankruptcy estate, but that settlement did not include or otherwise effect the estate's interest in the causes of action that are pending in state court against Merfe. Those causes of action were not included in the adversary case or in the claims objection process, and were not part of the Trustee's settlement with Merfe.  The settlement with Merfe did not resolve the state court litigation, or the estate's interest in same, and it had no affect on the rights of the Debtors *vis a vis* those state court cases.

In the Trustee's settlement with the Debtors, the Debtors received the estate's interest in JC&C Investments and the state court causes of action in exchange for payment.  In fact, the Debtors sought to hire counsel in the state court case (ECF 158) and, without objection from the Trustee, the Court authorized the retention of Debtors' state court counsel.  Importantly, in the Order granting relief (ECF 170), the Court noted that the Trustee may substitute in as a party plaintiff ***if the malpractice claim is retained by the Chapter 7 estate***.  However, it was not so retained, due to the Trustee's settlement with the Debtors which included these causes of action in exchange for Debtors' payment to the Trustee. Consequently, the Trustee never substituted in as the party plaintiff in the state court cases. In a letter to Debtors' counsel filed in support of Debtors' motion to hire state court counsel, the Trustee even confirmed that he is aware of the state court litigation, he does not object to Mirtha's filing or prosecution of the post-petition state court case, and he is negotiating with the Debtors to settle any interest the estate may have in the litigation (ECF 166-1) – which the Trustee eventually did:

> We are sending this letter at your clients' request because we understand that certain issues are being raised in state court proceedings for which the Trustee's position has been sought.
>
> The Trustee does not object to Ms. Morales filing the malpractice action individually while he continues investigating the merits of the cause of action, the extent to which the cause of action would be entirely an estate asset, as well as while negotiations are

ongoing between the Trustee and the Debtors which could settle any interest of the estate within such cause of action.

The Trustee is aware of the Motion to Allow Debtors' State Court Counsel to File a Malpractice Case [ECF No. 158] your client has filed with the Bankruptcy Court which would also allow nunc pro tunc for Ms. Morales to bring such action.

And knowing the Debtors were proceeding with their state court causes of action, Merfe also sought stay relief on January 14, 2020 (ECF 167) to (i) pursue its claims against the Debtors, and to allow it to defend itself against Debtors on appeal in the prepetition case, and (ii) to defend itself in the post-petition state court case filed by Mirtha against Merfe.

The Court believes the foregoing facts of record all indicate that Merfe's settlement with the Trustee did not resolve or end the state court litigation, either the pre-petition action or the post-petition one, because the Debtors acquired whatever interest the bankruptcy estate may have had in those state court cases by their settlement with the Trustee. It is therefore

ORDERED AND ADJUDGED that *Merfe Construction, Corp.'s a/k/a Merfe Construction, Inc.'s Motion (I) to Enforce Court's Order Approving Stipulation to Compromise Controversy Deeming Merfe's Proof of Claim Allowed; and (II) to Direct Mirtha Morales to Dismiss Pending State Court Cases* (ECF 228) is DENIED.

###

Copies furnished to:

Michael Frank Esq.
Daniel Gonzalez, Esq.

Attorney Frank shall serve a conformed copy of this order upon all interested parties upon receipt and shall file a certificate of service of same with the Court.